# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

November 10, 2021

Lyle W. Cayce
Clerk

No. 20-11247

Mirna Guzman,

*Plaintiff—Appellant*,

*versus*

Allstate Assurance Company,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:19-CV-187

Before Davis, Elrod, and Oldham, *Circuit Judges*.
Jennifer Walker Elrod, *Circuit Judge*:

Saul Guzman died on January 29, 2019, after suffering a seizure. He was twenty-eight years old. Mirna, his wife and life insurance beneficiary, filed a claim with Allstate to collect the $250,000 in policy proceeds. After conducting a routine contestable-claim investigation, Allstate rescinded the policy and refused to pay. Mirna sued, and the district court granted Allstate's motion for summary judgment. Mirna now appeals the district court's decision. Because there is a genuine issue of material fact about whether Guzman was a smoker when he applied for life insurance, we REVERSE.

No. 20-11247

I.

Saul Guzman applied for a life insurance policy from Allstate on August 17, 2017. In his application, Guzman disclosed his history of seizures. But he denied using tobacco or nicotine products. In response to the question: "Do you currently use tobacco or nicotine?", Guzman answered "No." And in response to the question: "If 'no' . . . have you ever used tobacco or nicotine?", Guzman also answered "No." After receiving some of Guzman's medical records and the results of his blood and urine tests, Allstate issued him a policy of $250,000 at a "Standard Non Tobacco" annual premium rate. Guzman made Mirna, his wife, the beneficiary.[1]

Guzman died on January 29, 2019, after suffering a seizure at work. Mirna filed a claim with Allstate to recover the policy proceeds, and Allstate began a contestable-claims investigation. During the investigation, Allstate obtained additional medical records. Upon discovering that most described Guzman as a smoker, Allstate sent the records along for two "underwriting referrals" to determine whether Guzman would have been issued the same policy if he had disclosed that he was a smoker. Both underwriting referrals determined that Guzman would not have been issued the same policy. On this basis, Allstate informed Mirna that it was rescinding the contract and gave her a premium refund of $433.84.

II.

Mirna contended that Allstate wrongly rescinded the policy. She sued Allstate in state court for breach of contract, violation of the Texas Deceptive

---

[1] We refer to the plaintiff as "Mirna" to distinguish her from Saul Guzman, her late husband.

No. 20-11247

Trade Practice–Consumer Protection Act (DTPA),[2] and for violation of § 542.003 of the Texas Insurance Code.[3] Allstate removed to federal court under diversity jurisdiction and filed a counterclaim for declaratory judgment based on Guzman's alleged misrepresentation. It then moved for summary judgment on its counterclaim.

The parties chiefly disputed whether Guzman was a smoker at the time he filled out his application. As evidence that he was, Allstate pointed to Guzman's medical records, most—though not all—of which described Guzman as a smoker. In her response, Mirna flatly denied that her husband was a smoker. She submitted her own deposition and two affidavits, one from her and the other from Guzman's sister, Martha. Based on their knowledge of Guzman and the fact that they never saw him smoke or smelled smoke on his person or belongings, both Mirna and Martha denied that he was a smoker.

The district court granted Allstate's motion for summary judgment. It determined that there was no genuine dispute of material fact as to whether Guzman made (1) a representation; (2) of a material fact; (3) that was false; and (4) upon which Allstate relied. *See Mayes v. Mass. Mut. Life Ins. Co.*, 608 S.W.2d 612, 616 (Tex. 1980).[4]

---

[2] Section 17.46(a) prohibits "[f]alse, misleading, or deceptive acts or practices in the conduct of any trade or commerce." Tex. Bus. & Com. Code § 17.46(a).

[3] Section 542.003 prohibits "Unfair Claim Settlement Practices," for which § 542.60 provides nonexclusive remedies. Tex. Ins. Code §§ 542.003(b), 542.060–61.

[4] The district court rejected Mirna's argument that Allstate was also required to prove Guzman's intent to deceive, as required by the five-part common-law misrepresentation defense set out in *Mayes*. Following two other district court decisions, the district court held that the 2005 recodification of the Texas Insurance Code eliminated *Mayes*'s intent-to-deceive element, at least as applied to § 705.051 of the Texas Insurance Code.

No. 20-11247

Mirna now appeals. She argues that the district court erred in denying her motion to file a sur-reply, in granting summary judgment, and in denying her motion for a new trial.

III.

We review a grant of summary judgment *de novo. Brown v. City of Houston*, 337 F.3d 539, 540 (5th Cir. 2003). In doing so, we view the evidence in the light most favorable to the nonmovant and construe all reasonable inferences in her favor. *E.g.*, *Deville v. Marcantel*, 567 F.3d 156, 163–64 (5th Cir. 2009). Summary judgment is only appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

When the movant also carries the burden of proof at trial, as when he asserts an affirmative defense, his burden is even higher; he must "establish beyond peradventure *all* of the essential elements of the claim or defense." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). Only if the movant succeeds must the nonmovant "designate specific facts showing that there is a genuine issue for trial." *McCarty v. Hillstone Rest. Grp., Inc.*, 864 F.3d 354, 357 (5th Cir. 2017) (quoting *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005)).

---

An amicus here, Bertha Arce, argues that the five-part *Mayes* test continues to apply in full. Arce is party to a lawsuit in state court involving a similar legal question. In her case, a Texas intermediate appellate court recently held that the insurer must meet all five *Mayes* elements, notwithstanding the statutory requirements of § 705.051. *Arce v. Am. Nat'l Ins. Co.*, No. 07-19-00362-CV, 2021 WL 3737707 (Tex. App.—Amarillo Aug. 24, 2021, no pet.).

The parties did not brief this issue on appeal. Our reversal of summary judgment on other grounds obviates the need to address it here. We express no view as to whether *Mayes*'s five-part misrepresentation defense also—or still—applies in full. Nor do we address whether or how the *Mayes* test relates to § 705.051 of the Texas Insurance Code.

Finally, courts may not "evaluate the credibility of the witnesses, weigh the evidence, or resolve factual disputes." *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253–55 (1986)). The sole question is whether a "reasonable jury drawing all inferences in favor of the nonmoving party could arrive at a verdict in that party's favor." *Id.*

Guzman made two tobacco-related representations on his insurance application. First, he denied being a "smoker." Second, he denied that he had "ever used tobacco or nicotine." A "misrepresentation" requires that one of these statements was false at the time the representation was made. *See Mayes*, 608 S.W.2d at 616 ("[I]f the answers to the questions in the application were untrue at the time they were given, the untrue answers constituted misrepresentations."). This misrepresentation must also be material. A representation is material if it "actually induces the insurance company to assume the risk." *Darby v. Jefferson Life Ins. Co.*, 998 S.W.2d 622, 628 (Tex. App.—Houston [1st Dist.] 1995, no writ). "[T]he principal inquiry in determining materiality is whether the insurer would have accepted the risk if the true facts had been disclosed." *Robinson v. Reliable Life Ins. Co.*, 569 S.W.2d 28, 29 (Tex. 1978).

The district court erred in holding that there was no genuine issue of material fact about whether Guzman was a smoker at the time of his application. After noting Allstate's evidence of Guzman's medical records, the court turned to Mirna's and Martha's affidavits. The court determined that because the affidavits and deposition were "self-serving" they must be supported by other facts in the record. Finding none, the court held the evidence insufficient to create a fact issue. This was wrong for two reasons.

First, "self-serving" affidavits and depositions may create fact issues even if not supported by the rest of the record. Where self-interested

affidavits are otherwise competent evidence, they may not be discounted just because they happen to be self-interested. Indeed, "[e]vidence proffered by one side to . . . defeat a motion for summary judgment will inevitably appear 'self-serving.'" *Dall./Fort Worth Int'l Airport Bd. v. INet Airport Sys., Inc.*, 819 F.3d 245, 253 n.14 (5th Cir. 2016). But self-serving evidence may not be discounted on that basis alone. How much weight to credit self-interested evidence is a question of credibility, which judges may not evaluate at the summary judgment stage. *E.g.*, *Int'l Shortstop, Inc.*, 939 F.2d at 1263.

Rather, self-serving evidence must only comport with the standard requirements of Federal Rule of Civil Procedure 56. Self-serving affidavits and declarations, like all summary judgment evidence, must "be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). And these facts must be particularized, not vague or conclusory. *Kariuki v. Tarango*, 709 F.3d 495, 505 (5th Cir. 2013).

When these requirements are met, self-serving evidence is sufficient to create a genuine issue of material fact. *E.g.*, *Bargher v. White*, 928 F.3d 439, 445 (5th Cir. 2019) ("Simply being 'self-serving,' however, does not prevent a party's assertions from creating a dispute of fact."); *INet Airport Sys.*, 819 F.3d at 253 n.14; *see also Lester v. Wells Fargo Bank, N.A.*, 805 F. App'x 288, 291 (5th Cir. 2020) (collecting cases and holding that "[a] non-conclusory affidavit can create genuine issues of material fact that preclude summary judgment, even if the affidavit is self-serving and uncorroborated"). Conversely, when we have held self-serving affidavits or depositions

No. 20-11247

insufficient to create a fact issue, it is because their contents were either conclusory, vague, or not based on personal knowledge.[5]

Unlike in these cases, Mirna's and Martha's affidavits are competent summary judgment evidence. They are based on personal knowledge, set out facts that are admissible in evidence, are given by competent witnesses, and are particularized rather than vague or conclusory. Mirna and Martha testify about their personal experiences with Guzman. In her deposition and affidavit, Mirna claimed that Guzman was not a smoker; that she was often with Guzman and would know if he smoked; that she is "able to tell whether [people] use tobacco because they have a peculiar and specific smoke smell"; and that neither Guzman nor his belongings, including his clothes and truck, ever smelled like smoke. Martha made substantially similar claims in her own affidavit. Though self-serving, this testimony is sufficient to—and does—create a genuine dispute of material fact.

Second, Allstate's own evidence is insufficient to carry its summary judgment burden. To start, the medical records Allstate received from Guzman prior to issuing the policy describe him as a nonsmoker. Allstate

---

[5] *E.g.*, *Vais Arms, Inc. v. Vais*, 383 F.3d 287, 293–94 (5th Cir. 2004) (holding that a nonmovant's "conclus[ory]," "vague, self-serving statements" were insufficient to preclude summary judgment); *BMG Music v. Martinez*, 74 F.3d 87, 91 (5th Cir. 1996) (holding that a nonmovant's "conclusory, self-serving statement" was insufficient to preclude summary judgment); *Clark v. Am.'s Favorite Chicken Co.*, 110 F.3d 295, 297 (5th Cir. 1997) ("Unsupported allegations or affidavit or deposition testimony setting forth ultimate or conclusory facts and conclusions of law are insufficient to defeat a motion for summary judgment."); *see also Kariuki*, 709 F.3d at 505 ("'[S]elf-serving allegations are not the type of significant probative evidence required to defeat summary judgment.' . . . [W]ithout more, a vague or conclusory affidavit is insufficient to create [a fact issue]." (first alteration in original) (quoting *United States v. Lawrence*, 276 F.3d 193, 197 (5th Cir. 2001))); *DirectTV, Inc. v. Budden*, 420 F.3d 521, 531 (5th Cir. 2005) ("[Attempting] to create a fact issue . . . by relying on a conclusory and self-serving affidavit is on unsteady ground.").

also issued Guzman a urine test, which was negative for the presence of nicotine. Furthermore, one of the three medical records from the year prior to his application—the time period described by Allstate's underwriting guidelines[6]—describes him as a former smoker. And the medical record from January 28, 2019—the day before Guzman's death—alternatively describes him both as a "Current Every Day Smoker" and a "Never smoker."

In addition, Allstate has not identified definitively the sources of the medical records' information. It is not clear whether it was Guzman, or someone else, who said he was a smoker and, if it was someone else, whether they were correct. It is similarly unclear whether any "smoker" designations were carried over into the medical records from prior visits.

Taken together, Mirna's evidence and the remainder of the record are more than sufficient to create a fact issue about whether Guzman was a smoker when he applied for life insurance.[7]

\*     \*     \*

For these reasons, we REVERSE the grant of summary judgment and REMAND for further proceedings consistent with this opinion.

---

[6] Allstate's underwriting guidelines say the following about its "non-smoker/tobacco" rates:

> To qualify for non-smoker/tobacco rates, the customer must not have used any product containing tobacco/nicotine in the previous 12 months, other than occasional cigar use . . . . The time frame for class qualification is based on the last date of nicotine use.

[7] Because we hold that a fact issue precludes summary judgment, we need not address the remainder of Mirna's claims.