# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 17, 2022

Lyle W. Cayce
Clerk

No. 20-30154

Delmon Marzett,

*Plaintiff—Appellant*,

*versus*

Libby Tigner; Captain Davis,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:18-cv-110

Before Jones, Southwick, and Oldham, *Circuit Judges*.

Per Curiam:[*]

The question presented is whether the district court correctly granted Warden Libby Tigner's motion for summary judgment on Delmon Marzett's deliberate-indifference claim. We find no reversible error and affirm.

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-30154

## I.

Delmon Marzett sued Warden Libby Tigner, Captain Davis, and Major Poole under 42 U.S.C. § 1983, alleging various constitutional violations while he was a pretrial detainee at River Correctional Center. Marzett later sought and obtained dismissal of all claims against Poole, and the district court ultimately dismissed without prejudice all claims against Davis for lack of service. Marzett does not contest the district court's dismissal of these claims, so only Tigner is relevant on appeal.

Among other things, Marzett alleged that Tigner failed to adequately respond to various grievances that he was denied proper food for his diabetic condition and that he was transported in a way that caused him pain and left him without food and bathroom breaks.

Tigner moved for summary judgment, and Marzett opposed on the merits and on the ground that he needed additional discovery. The magistrate judge recommended granting the motion and denied Marzett's request for additional discovery. The magistrate judge concluded that Marzett failed to identify any personal involvement by Tigner and that he had not alleged or shown she implemented any unconstitutional policies that deprived him of his constitutional rights. The magistrate judge also denied Marzett's discovery requests because he already had some of the records he requested and because he could not serve interrogatories or requests for admissions on non-parties. The district court agreed, incorporated the magistrate judge's reasons, and entered final judgment, which dismissed the claims against Tigner with prejudice.

Marzett timely appealed. We have jurisdiction under 28 U.S.C. § 1291. We review the grant of summary judgment de novo and discovery issues for an abuse of discretion. *See Morrow v. Meachum*, 917 F.3d 870, 874

(5th Cir. 2019); *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 817 (5th Cir. 2004).[1]

## II.

We first address whether the district court properly granted summary judgment because there was no genuine issue of material fact. We then address whether the district court abused its discretion by not granting further discovery before granting summary judgment.

### A.

#### 1.

"Section 1983 does not create supervisory or *respondeat superior* liability. Rather, a plaintiff must show either that the supervisor personally was involved in the constitutional violation or that there is a sufficient causal connection between the supervisor's conduct and the constitutional violation." *Brown v. Taylor*, 911 F.3d 235, 245 (5th Cir. 2018) (quotation omitted); *cf. Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Marzett makes only one allegation against Tigner that meets this personal-involvement standard—namely, that Tigner failed to adequately respond to Marzett's

---

[1] Marzett made no meaningful objections to the magistrate judge's report and recommendations. Because the report and recommendations provided Marzett with the requisite warnings, he forfeited all his challenges on appeal. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (holding that when a party fails to object to a magistrate judge's report and recommendation, our review of the district court's resulting decision is for plain error so long as the party "has been served with notice that [this consequence] will result from a failure to object"); *Alexander v. Verizon Wireless Servs., LLC*, 875 F.3d 243, 248 (5th Cir. 2017) ("When a party who is warned of the requirement to file timely objections to a magistrate judge's report and recommendation fails to file any such objections, and the magistrate judge's factual findings and legal conclusions are accepted by the district court, our review is for plain error."). Ultimately, it does not matter because regardless of forfeiture, Marzett loses under any standard of review.

grievances. We therefore conclude that the district court did not err in granting summary judgment on any claim based on those immaterial allegations.

It is true that in his opposition to summary judgment, Marzett provided some allegations of Tigner's personal involvement beyond failing to respond to grievances, but the claims based on such allegations were not properly preserved. "It is well settled in our circuit that a claim which is not raised in the complaint but, rather, is raised only in response to a motion for summary judgment is not properly before the court." *Jackson v. Gautreaux*, 3 F.4th 182, 188 (5th Cir. 2021) (quotation omitted); *see also Pittman v. U.S. Bank NA*, 840 F. App'x 788, 789–90 (5th Cir. 2021) (per curiam) ("Our precedent precludes a plaintiff from advancing a new claim or reframing a previously presented one in response to a motion for summary judgment."). Thus, the district court did not err in not considering those allegations when granting summary judgment.[2]

2.

Next, the district court did not err in concluding that there was no triable issue of fact that Tigner was deliberately indifferent by failing to respond to Marzett's grievances.

To establish a constitutional violation based on deliberate indifference, "a plaintiff must show that the defendant: (1) was aware of facts

---

[2] Marzett tried to add some of the allegations in an amended complaint filed *after* briefing on summary judgment was completed and *after* the magistrate judge issued its report and recommendations. But the magistrate judge granted Marzett's motion to amend his complaint only to the extent that Marzett sought "to state the specific amount of monetary relief sought[] and the capacity in which Defendants are sued." Marzett provides no persuasive argument that he should have been permitted to amend his complaint to add the new allegations. We thus will not consider the improperly added portions of the amended complaint.

from which the inference could be drawn that a substantial risk of serious harm exists; (2) subjectively drew the inference that the risk existed; and (3) disregarded the risk." *Cleveland v. Bell*, 938 F.3d 672, 676 (5th Cir. 2019) (quotation omitted). "Deliberate indifference is an extremely high standard to meet." *Cadena v. El Paso Cnty.*, 946 F.3d 717, 728 (5th Cir. 2020).

No reasonable juror could determine that Tigner "shirked [her] duties." *Jason v. Tanner*, 938 F.3d 191, 196 (5th Cir. 2019). Tigner provided evidence that she responded to grievances when she was aware of them. Tigner's discovery responses also indicate that other officials were responsible for the initial investigation and consideration of grievances. Marzett neither points to any contrary evidence in the record nor contests these responses. This reinforces that Tigner did not ignore Marzett's grievances.

Marzett instead asserts that Tigner never responded to some of his grievances. But for this assertion, he only points to allegations in his self-serving affidavit. And this is insufficient because many of the allegations in his affidavit either do not "comport with the standard requirements of Federal Rule of Civil Procedure 56" or are "vague or conclusory." *Guzman v. Allstate Assurance Co.*, 18 F.4th 157, 161 (5th Cir. 2021) (quotation omitted).

B.

Finally, the district court did not abuse its discretion in denying Marzett's request for additional discovery. Marzett does not challenge the magistrate judge's reasoning for denying additional discovery. Specifically, he does not contest the magistrate judge's determination that Marzett already had the documents he sought and that he improperly sought discovery from non-parties. Marzett thus forfeited those arguments. *See United States v. Trujillo*, 502 F.3d 353, 360 n.30 (5th Cir. 2007) ("An

appellant abandons all issues not raised and argued in its initial brief on appeal." (quotation omitted)).

Instead, Marzett mainly argues that Tigner's answers to interrogatories were not what he thought they should be. And if he got the correct answers, there would be a triable issue of fact preventing summary judgment. But Marzett does not explain what type of discovery that is (1) permissible under the Federal Rules of Civil Procedure and that (2) he has not already gotten could get him the "facts essential to justify [his] opposition" he says he "cannot present." FED. R. CIV. P. 56(d). We therefore cannot say the district court was "clearly unreasonable." *Wiwa*, 392 F.3d at 817 (quotation omitted).

\* \* \*

We have considered Marzett's other arguments and find them unpersuasive. For the foregoing reasons, we see no reversible error in the district court's judgment.

AFFIRMED.