# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 24, 2023

Lyle W. Cayce
Clerk

No. 22-50170

Samuel Cunningham,

*Plaintiff—Appellant*,

*versus*

Circle 8 Crane Services, L.L.C.,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:20-CV-106

Before Elrod, Haynes, and Willett, *Circuit Judges*.

Haynes, *Circuit Judge*:

Samuel Cunningham was employed as a crane mechanic by Circle 8 Crane Services, LLC—a business that owns and leases self-propelled, hydraulic cranes to customers in several southwestern states. After Circle 8 terminated him, Cunningham sued claiming that Circle 8 failed to pay him overtime compensation in violation of the Fair Labor Standards Act, ("FLSA") 29 U.S.C. § 207(a). Circle 8 moved for summary judgment, arguing that Cunningham was exempt from the overtime compensation requirements as a "mechanic" under the Motor Carrier Act ("MCA"). The district court agreed, concluding that Cunningham was a "mechanic"

because he engaged in activities of a character that directly affected the safety of operation of the mobile cranes in interstate commerce and therefore granted the motion for summary judgment. For the reasons set forth below, we AFFIRM.

## I.    Facts

Circle 8 owns and leases self-propelled, hydraulic cranes to companies for projects in oilfields. The cranes—which are permanently affixed to a truck chassis and can legally travel on highways—are transported to customer jobsites throughout the southern and southwestern United States, including Texas, Oklahoma, Louisiana, and New Mexico. As a crane mechanic, Cunningham traveled to these sites and other Circle 8 office locations where the cranes were stored to perform repairs and maintenance on the hydraulic, electrical, and pneumatic systems in the cranes. For instance, he repaired the cranes' brakes, lights, horns, windshield wipers, transmissions, wheels, axles, tires, starters, and ignitions. On average, Cunningham serviced approximately five to twenty cranes a week and would travel out of state to service these cranes several times a month, if not several times a week. He estimated that he worked, on average, eighty hours per week.

Cunningham was employed in this position for approximately three years—from April 2017 until March 2020. Initially, he was paid hourly and received overtime compensation, but in March 2018, despite no change in job responsibilities, Circle 8 converted him to a salaried position. In March 2020, Cunningham gave his two-week notice to Circle 8 that he would be resigning. Three days later, Circle 8 terminated him.

Cunningham sued Circle 8 claiming that it failed to pay him overtime compensation in violation of the FLSA, 29 U.S.C. § 207(a). Circle 8 moved for summary judgment, arguing that Cunningham was exempt from the

No. 22-50170

overtime compensation requirements under the MCA exemption as a "mechanic." The magistrate judge issued a report and recommendation ("R&R") finding there was a genuine dispute of material fact of whether Cunningham performed work that directly affected the safe operation of motor vehicles and recommended denying the motion. Circle 8 objected to the magistrate judge's R&R on the MCA exemption, and the district judge sustained the objection, concluding that Cunningham's work involved "inspections that directly affected the mobile cranes' safe operation" as well as "repairs . . . [that] maintain[ed] physical conditions essential to the safety of operation of the mobile cranes on highways." As a result, the district court granted Circle 8's motion for summary judgment on the MCA exemption. Cunningham timely appealed.

## II.    Jurisdiction and Standard of Review

We have jurisdiction to review the district court's final judgment under 28 U.S.C. § 1291. We review the district court's "grant of summary judgment *de novo*, viewing all evidence in the light most favorable to the nonmoving party and drawing all reasonable inferences in that party's favor." *Kariuki v. Tarango*, 709 F.3d 495, 501 (5th Cir. 2013) (quotation omitted). Summary judgment is only appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

"When the movant also carries the burden of proof at trial," such as here where Circle 8 asserts an affirmative defense, the "burden is even higher; [it] must establish beyond peradventure *all* of the essential elements of the claim or defense." *Guzman v. Allstate Assurance Co.*, 18 F.4th 157, 160 (5th Cir. 2021) (internal citation and quotation marks omitted) (emphasis in original). "Only if the movant succeeds must the nonmovant designate

specific facts showing that there is a genuine issue for trial." *Id.* (internal citation and quotation marks omitted).

## III.    Discussion

Cunningham challenges the district court's grant of summary judgment under the MCA exemption on two grounds: (1) the Secretary of Transportation did not have the power to establish the minimum qualifications and maximum hours of service for him; and (2) he did not engage in activities of a character directly affecting the safety of operation of motor vehicles.[1]  Although Cunningham alludes to fact issues, the reality is that this case involves a dispute about the legal conclusion to be drawn from the facts of his employment, which is a question of law, rather than a dispute about what Cunningham did as an employee.  We begin with an overview of the statutory and regulatory framework that guides this ruling, then we turn to the merits.

### A. MCA Exemption

Generally, the FLSA requires an employer to pay overtime compensation to any employee working more than forty hours in a workweek. *See* 29 U.S.C. § 207(a)(1).  "The overtime-pay rule is subject to several enumerated exemptions, however." *White v. U.S. Corr., L.L.C.*, 996 F.3d 302, 307 (5th Cir. 2021); *see* 29 U.S.C. § 213.  "[T]he employer bears the burden" to establish a claimed exemption applies to the claimant, *Dalheim v.*

---

[1] Cunningham argues that Circle 8 has the burden of showing he engaged in safety-affecting work for each individual workweek that it claims the exemption applies.  This is not entirely accurate.  Under 29 C.F.R. § 782.2(b)(3), "if the bona fide duties of the job performed by the employee are in fact such that he is . . . called upon in the ordinary course of his work to perform, either regularly or from time to time, safety-affecting activities," the employee falls "within the exemption in all workweeks when he is employed" in that job.  As set forth below in III.C., Cunningham was called upon in the ordinary course of his job to perform, from time to time, safety-affecting activities.

*KDFW-TV*, 918 F.2d 1220, 1224 (5th Cir. 1990), and we give a "fair reading" to the exemptions, *Carley v. Crest Pumping Techs., L.L.C.*, 890 F.3d 575, 579 (5th Cir. 2018).

Under the MCA exemption, the overtime compensation requirement does not apply if "the Secretary of Transportation has [the] power to establish qualifications and maximum hours of service" for the employee. 29 U.S.C. § 213(b)(1); *see also White*, 996 F.3d at 307. The Secretary of Transportation has this power for employees who are employed by either "motor carrier[s]" or "motor private carrier[s]." 49 U.S.C. § 31502(b)(1), (b)(2).[2] Importantly, though, "[t]he Secretary of Transportation need only possess *the power* to regulate the employees at issue; it need not actually exercise that power for the [MCA] exemption to apply." *White*, 996 F.3d at 307–08 (alteration in original) (emphasis added) (internal citation and quotation marks omitted).

"The Department of Transportation has promulgated regulations that interpret the statutory requirements of the MCA exemption." *Id.* at 308 (citing 29 C.F.R. §§ 782.0–782.8). There are two regulations relevant to the disposition of this case—29 C.F.R. §§ 782.2 and 782.6. The former, which sets forth the general requirements for the MCA exemption, "states that the applicability of the MCA exemption to a particular employee 'depends both on the class to which his employer belongs and on the class of work involved in the employee's job.'" *White*, 996 F.3d at 308 (quoting 29 C.F.R. § 782.2(a)). Thus, the Secretary of Transportation may establish

---

[2] A "motor carrier" is defined as "a person providing motor vehicle transportation for compensation." 49 U.S.C. § 13102(14). By contrast, a "motor private carrier" is defined as an individual who "transports property by motor vehicle" if "(A) the transportation is as provided in section 13501 of this title; (B) the person is the owner, lessee, or bailee of the property being transported; and (C) the property is being transported for sale, lease, rent, or bailment or to further a commercial enterprise." *Id.* § 13102(15).

qualifications and maximum hours of service for employees of "motor carrier[s]" and "motor private carrier[s]" who:

> (1) [a]re employed by carriers whose transportation of passengers or property by motor vehicle is subject to [the Secretary of Transportation's] jurisdiction under section 204 of the [MCA], [and]

> (2) engage in activities of a character directly affecting the safety of operation of motor vehicles in the transportation on the public highways of passengers or property in interstate or foreign commerce within the meaning of the [MCA].

*Id.* In short, for the MCA exemption to apply, the employer must prove that the employee "meet[s] both of these requirements." *Id.* at 308 (internal citation and quotation marks omitted).

The latter regulation—§ 782.6(a), which is one of several that delineate the specific classes of work involving "activities of a character directly affecting the safety of operation of motor vehicles," *see* § 782.2(b)(1)—sets forth the requirements for an employee to qualify as a "mechanic" and therefore satisfy the second requirement of the MCA exemption. *See* 29 C.F.R. § 782.6(a). To determine whether an employee qualifies as a "mechanic," "neither the name given to his position nor that given to the work . . . he does is controlling. [W]hat is controlling is the character of the activities involved in the performance of his job." 29 C.F.R. § 782.2(b)(2).

## B. Secretary of Transportation's Authority

Against this backdrop, we address Cunningham's first argument. He contends the district court erred in granting summary judgment because there is no dispute that Cunningham's qualifications and hours of service were not *actually* regulated by the Secretary of Transportation, nor did Circle 8 maintain any records vis-à-vis Cunningham establishing compliance with

the Motor Carrier Act. According to Cunningham, this shows that the Secretary of Transportation did not have the power to establish his minimum qualifications and maximum hours of service. This argument both misunderstands the law and misses the point.

As noted above, the Secretary of Transportation "need not actually exercise [its] power for the [MCA] exemption to apply." *Id.* at 307–08 (second alteration in original) (quotation omitted). Thus, the fact that Circle 8 has no records vis-à-vis Cunningham establishing compliance with the MCA or that Cunningham's qualifications and hours of service were not *actually* regulated by the Secretary of Transportation is of no moment. The Secretary need only have the *power* to regulate, which, in turn, depends on whether the two MCA exemption requirements set forth above are satisfied. We conclude that the Secretary clearly has the power to regulate, as relevant here, "mechanics"—*see* 29 C.F.R. §§ 782.2(b)(1), 782.6(a)—so we reject his first challenge. The question, then, is whether Cunningham's employment met the two MCA exemption requirements (or whether there is a genuine dispute of material fact about either or both requirements). We will discuss this next.

## C. Cunningham's Employment

As discussed above, there are two requirements for the MCA exemption to apply. As to the first requirement, "employment by a carrier subject to the Secretary of Transportation's jurisdiction," Cunningham waived this issue by failing to raise it on appeal and argue it below, *United States v. Griffith*, 522 F.3d 607, 610 (5th Cir. 2008) (explaining that failure to raise an issue on appeal constitutes waiver of that argument), *United States v.*

*Bigler*, 817 F.2d 1139, 1140 (5th Cir. 1987) (explaining the court will not consider issues that were not raised before the trial court).[3]

Turning to Cunningham's second argument, he contends the district court erred when it concluded that he qualified as a "mechanic" within the meaning of § 782.2(a) and therefore satisfied the second requirement of the MCA exemption—"engage[ment] in activities of a character directly affecting the safety of operation of motor vehicles." 29 C.F.R. § 782.2(a). More precisely, Cunningham argues he is not a "mechanic" because the bulk of the work he performed on the self-propelled cranes was to the crane itself, not the truck chassis, and his work on the crane did not directly affect how safely the vehicle could operate on highways. Staying with Cunningham's logic, which refuses to treat the self-propelled crane as an undifferentiated whole, we agree with the district court that he qualified as a "mechanic" because his repairs to the truck chassis directly affected the safety of operation of the motor vehicle.

A "mechanic" is an employee "whose duty it is to keep motor vehicles operated in interstate [] commerce by his employer in a good and safe working condition." 29 C.F.R. § 782.6(a). Mechanics engage in activities of a character that directly affects the safety of operation of motor vehicles when they "prevent the vehicles from becoming potential hazards to highway safety and thus aid in the prevention of accidents." *Id.* For instance, mechanics perform work of this character when "they actually do [the] inspection, adjustment, repair or maintenance work on the motor vehicles themselves," and the work "correct[s] or prevent[s] . . . defects

---

[3] Even if Cunningham did not waive this issue on appeal, there is little question that Circle 8 engaged in interstate commerce within the meaning of the MCA exemption as it leased self-propelled cranes throughout the southern and southwestern United States, including Texas, Oklahoma, Louisiana, and New Mexico.

No. 22-50170

which have a direct causal connection with the safe operation of the unit as a whole." *Id.* Thus, activities like "[t]he inspection, repair, adjustment, and maintenance . . . of steering apparatus, lights, brakes, horns, windshield wipers, wheels and axles, . . . transmissions, . . . [and] starters and ignition" are of a character that directly affects the safety of operation of motor vehicles. *Id.*

There is little dispute over the work Cunningham performed. He performed precisely the type of activities that § 782.6(a) contemplates as directly affecting the safety of operation of motor vehicles on the truck chassis itself. For instance, he admitted that he performed repairs to the brakes, lights, horns, windshield wipers, transmissions, wheels and axles, and starters and ignitions in the self-propelled cranes. Even drawing every reasonable inference in his favor, the record demonstrates that at least some of these components—such as the wheels and axles, transmissions, and starter and ignition—were affixed to or part of the truck chassis. As such, the district court correctly concluded that Cunningham qualified as a "mechanic" under § 782.6(a) and engaged in activities of a character that directly affected the safety of operation of the self-propelled cranes.

## IV.    Conclusion

In sum, the district court correctly concluded Cunningham was exempt from the FLSA overtime compensation requirements under the MCA exemption. Accordingly, we AFFIRM.

9