# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 23, 2023

Lyle W. Cayce
Clerk

————————

No. 22-40654

————————

MARIO A. VELAZQUEZ,

*Plaintiff*,

BENTELER AUTOMOTIVE CORPORATION; BENTELER AUTOMOTIVE-MEXICO,

*Third Party Plaintiffs—Appellants*,

*versus*

RUBEN DE LA ROSE MARTINEZ, JUAN ALFONSO ALVARADO AMADOR

*Defendants*,

ALLIED PLASTICS, INCORPORATED; FORMING TECHNOLOGIES, L.L.C.; PACKAGING CONCEPTS & DESIGN, L.L.C.,

*Third Party Defendants—Appellees*.

————————————————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:16-CV-238

————————————————————

Before ELROD, HO, and WILSON, *Circuit Judges*.

No. 22-40654

Per Curiam:[*]

This case arises from an injury caused by a falling shipping container. Third-party plaintiffs/appellants Benteler Mexico and Benteler Automotive, who were contracting to transport the shipping container at the time of the injury, sought indemnification under the Texas Products Liability Act from Allied Plastics and the other third-party defendants/appellees, who manufactured the shipping container. The district court held that the Benteler appellants were not "sellers" of the shipping container, as required for Texas Products Liability Act indemnification. Tex. Civ. Prac. & Rem. § 82.002(a); *Centerpoint Builders, LLC v. Trussway, Ltd.*, 496 S.W.3d 33, 35-36 (Tex. 2016). Accordingly, the district court granted summary judgment to Allied Plastics and the other third-party defendants. We AFFIRM.

We review a district court's grant of summary judgment *de novo*. *Green v. Life Ins. Co. of N. Am.*, 754 F.3d 324, 329 (5th Cir. 2014). Summary judgment is appropriate only when there is no genuine dispute of any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "The sole question is whether a 'reasonable jury drawing all inferences in favor of the nonmoving party could arrive at a verdict in that party's favor.'" *Guzman v. Allstate Assurance Co.*, 18 F.4th 157, 160 (5th Cir. 2021) (quoting *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263 (5th Cir. 1991)).

The district court correctly granted Allied Plastics' and the other third-party defendants' motions for summary judgment. The district court held that the Benteler appellants are not sellers under the Texas Products Liability Act because they are not "in the business" of distributing or placing

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

the shipping containers into the stream of commerce. *Centerpoint Builders*, 496 S.W.3d at 41-42; *Armstrong Rubber Co. v. Urquidez*, 570 S.W.2d 374, 376 (Tex. 1978). It followed that there is no genuine issue of material fact as to whether the Benteler appellants are entitled to indemnification from Allied Plastics. We agree for substantially the same reasons as detailed by the district court and AFFIRM the district court's grant of summary judgment.