# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 21, 2024

Lyle W. Cayce
Clerk

No. 21-20547

Lauren Versaggi,

*Plaintiff—Appellant*,

*versus*

KLS Martin, L.P.,

*Defendant—Appellee*.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:19-CV-2977

_____

Before Richman, *Chief Judge*, and Elrod and Oldham, *Circuit Judges*.
Per Curiam:[*]

Starting in January 2016, Lauren Versaggi was subjected to a relentless, eleven-month campaign of stalking, cyberstalking, and harassment. When the stalker was finally arrested in November 2016, Versaggi learned that the stalker had been the girlfriend of one of Versaggi's co-workers at KLS Martin, L.P. Fearing for her safety, Versaggi asked KLS to ensure that she and the co-worker associated with the stalker would have

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

no overlap at work.

Dissatisfied with KLS's handling of her requests for accommodations, Versaggi resigned in March 2018 and subsequently brought this suit. Versaggi argues that because the torment of the stalking caused her to develop a diagnosed anxiety disorder, KLS's treatment toward her violated the Americans with Disabilities Act of 1990.

The district court granted KLS summary judgment on all of Versaggi's ADA claims (failure to accommodate, hostile work environment, retaliation, and constructive discharge). Specifically, the district court held that: (1) Versaggi did not notify KLS of her disability until January 2018, and KLS accommodated her requests after that time; (2) KLS's actions were at most isolated incidents that were insufficient to establish a hostile work environment based on disability; [1] and (3) Versaggi did not properly plead retaliation and constructive discharge because she raised those claims for the first time in her response to the motion for summary judgment. We AFFIRM.

I

We review the district court's grant of summary judgment *de novo*, drawing all reasonable inferences in Versaggi's favor. *Guzman v. Allstate Assurance Co.*, 18 F.4th 157, 160 (5th Cir. 2021). Summary judgment is appropriate when there are no material factual disputes, and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a).

II

We address each of Versaggi's claims in turn.

---

[1] In the district court, Versaggi also raised a gender-based, Title VII hostile-work-environment claim. The district court dismissed this claim for failure to exhaust administrative remedies. Versaggi did not appeal this part of the district court's ruling.

A

To succeed on her ADA failure-to-accommodate claim, Versaggi needed to prove three elements: (1) that her adjustment disorder with anxiety was a qualifying disability; (2) that KLS knew about her disability; and (3) that KLS failed to reasonably accommodate her. *Smith v. Harris County*, 956 F.3d 311, 317 (5th Cir. 2020) (citing *Ball v. LeBlanc*, 792 F.3d 448, 454 (5th Cir. 2005)).

The district court held that because Versaggi did not share her adjustment-disorder diagnosis with KLS until January 8, 2018, KLS did not know about the alleged disability until that point (prong two). Because this was sufficient for disposing of Versaggi's pre-January 2018 failure-to-accommodate claim, the district court did not reach the issue of whether any pre-January 2018 accommodations were reasonable. Further, the district court held that after January 2018, when KLS was on notice, it did reasonably accommodate Versaggi by excusing her from attending a meeting that the co-worker would be a part of (prong three).

We agree with the district court's holding with respect to the reasonableness of the accommodations KLS provided to Versaggi after January 2018. In addition, we also agree with that court's holding that Versaggi failed to put KLS on notice of her disability before January 2018. As we have previously recognized, "it is an employee's initial request for an accommodation which triggers the employer's obligation to participate in the interactive process of determining one." *Taylor v. Principal Fin. Grp., Inc.*, 93 F.3d 155, 165 (5th Cir. 1996). Where a disability is not "open, obvious, and apparent to the employer," the individual requesting an accommodation carries the burden "to specifically identify the disability and resulting limitations, and to suggest the reasonable accommodations." *Patton v. Jacobs Eng'g Grp., Inc.*, 874 F.3d 437, 444 (5th Cir. 2017).

No. 21-20547

Here, although Versaggi e-mailed KLS's human resources to request an accommodation on November 21, 2016, Versaggi's e-mail falls short of the legal requirements for clear notice. Indeed, although Versaggi stated that she was requesting accommodations because the "past 11 months" had been "very difficult" for her, she did not state that she was suffering from anxiety or that she needed accommodations for that reason. Such general references to Versaggi's anxiety, absent a statement that her request for accommodations was related to that condition, are insufficient to put KLS on notice of her disability. *See Wells v. Winnebago Cnty. Ill.*, 820 F.3d 864, 867 (7th Cir. 2016). Nevertheless, we write to clarify that whether she had received or shared a formal diagnosis does not determine the start of her disability.

B

For Versaggi to have proven her ADA hostile-work-environment claim, she needed to prove—among other things—that she was subject to unwelcome harassment because of her disability. *Thompson v. Microsoft Corp.,* 2 F.4th 460, 470–71 (5th Cir. 2021). Versaggi argues on appeal that KLS created a hostile workplace by failing to investigate her co-worker. We disagree.

Failure to investigate can be relevant when an employer knows or should have known about actual harassment but fails to remedy the situation. *See Flowers v. S. Reg'l Physician Servs., Inc.*, 247 F.3d 229, 235–36 (5th Cir. 2001). However, the police investigation revealed no evidence that Versaggi's co-worker was involved in the stalking. And more importantly, there is no allegation that the co-worker harassed (or even contacted) Versaggi at work, before or after November 2016. Versaggi therefore fails to allege that there was any workplace harassment for KLS to find and remediate through an investigation.

4

No. 21-20547

Versaggi also argues on appeal that KLS invented a false, negative evaluation of her performance during a product demonstration. This gets at retaliation more than hostile work environment, and it is addressed below. But even if the allegation were to apply to this issue, "[s]imple teasing, offhand comments . . . and isolated incidents (unless extremely serious)" are not sufficient to alter the terms or conditions of employment. *Cf. EEOC v. Boh Bros. Const. Co.*, 731 F.3d 444, 461 (5th Cir. 2013) (gender-based hostile work environment).

C

The district court held that Versaggi's retaliation and constructive-discharge claims were "raised for the first time in response to [the] motion for summary judgment" and therefore were "not properly before the court." *Cutrera v. Bd. of Supervisors of La. State Univ.*, 429 F.3d 108, 113 (5th Cir. 2005). Versaggi argues that both claims were adequately pleaded in her complaint, although neither was listed as a cause of action. She is mistaken.

Versaggi's complaint does allege that KLS "began retaliating against [Versaggi] for reporting her diagnosed disability." But the only retaliation alleged is the negative evaluation mentioned above, which was a write-up following a sales product demonstration with a client. The write-up stated that Versaggi's preparation was inadequate. Even assuming this meets Rule 8's pleading requirement for retaliation, it is insufficient as a matter of law. Versaggi does not allege that the incident affected any aspect of her employment. And though the Supreme Court has recently held that an employee seeking Title VII relief need not satisfy any significance test, the employee "must show some harm" resulting from an allegedly discriminatory act to prevail. *Muldrow v. City of St. Louis*, 144 S. Ct. 967, 972 (2024); *see also Oncale v. Sundowner Offshore Servs.*, 523 U.S. 75, 80 (1998)

5

(cautioning federal courts not to "transform Title VII into a general civility code for the American workplace").

Versaggi's complaint does not mention the words "constructive discharge," although the charge that she filed with the Equal Employment Opportunity Commission does. However, the charge did not connect that assertion with any specific facts. And for the same reason that Versaggi's complaint fails to show a materially adverse retaliation, it fails to show "working conditions so intolerable that a reasonable person would have felt compelled to resign." *Pa. State Police v. Suders*, 542 U.S. 1219, 147 (2004).

On appeal, Versaggi argues in the alternative that if her complaint did not adequately plead retaliation and constructive discharge, then her arguments on those claims during summary judgment should have been construed as an implied motion to amend her complaint. It is unclear whether this argument is barred by our circuit's caselaw. *See Jackson v. Gautreaux*, 3 F.4th 182, 189 (5th Cir. 2021) (collecting cases). This sort of relief—"construing a request for *X* as an implied request for *Y*—is normally reserved for *pro se* litigants." *Id.* And even if Versaggi had made this motion explicitly rather than implicitly, whether to provide leave to amend a complaint is a decision that rests squarely within the discretion of the trial court. *Herrmann Holdings Ltd. v. Lucent Techs. Inc.*, 302 F.3d 552, 558 (5th Cir. 2002). That discretion was not abused here.

\*   \*   \*

We AFFIRM.

No. 21-20547

Jennifer Walker Elrod, *Circuit Judge*, concurring in part and dissenting in part:

I agree with the majority opinion that the district court properly granted KLS summary judgment on Versaggi's hostile-work-environment, retaliation, and constructive discharge claims. However, because Versaggi notified her employer of her request for an accommodation during a phone call and over e-mail on November 21, 2016, I would vacate and remand the summary judgment order on Versaggi's failure-to-accommodate claim, so that the district court could consider the reasonableness of KLS's pre-January 2018 accommodations in the first instance.

As the majority correctly recognizes, where a disability is not "open, obvious, and apparent to the employer," the individual requesting an accommodation carries the burden "to specifically identify the disability and resulting limitations, and to suggest the reasonable accommodations." *Patton v. Jacobs Eng'g Grp., Inc.*, 874 F.3d 437, 444 (5th Cir. 2017). However, I would hold that Versaggi's actions satisfied this standard.

On November 21, 2016, Versaggi called KLS's human resources to request an accommodation around interacting or overlapping with the co-worker who had dated Versaggi's stalker. She then followed up with human resources via e-mail to memorialize the phone call and her accommodation request. In her e-mail, Versaggi identified serious distress—stating that she had been unable to sleep and frightened for her safety, linked that condition to the need for an accommodation at work, and then proposed an accommodation (not attending a then upcoming December meeting where the co-worker would be present). Although it is admittedly a close call whether Versaggi's e-mail clearly identified that her need for accommodations stemmed from a qualifying disability, she crossed the

necessary threshold.  The way that Versaggi linked her symptoms and the effects of her condition to her request for an accommodation was clear enough to put KLS on notice that it might be dealing with the ADA.  As we have previously recognized, an individual requesting accommodations "need not utter any magic words" when explaining that the accommodation she is seeking is for a medical condition-related reason. *Id.*

*    *    *

I concur with the court's holdings concerning Versaggi's hostile-work-environment, retaliation, and constructive discharge claims.  I dissent from the affirmance of the district court's summary judgment order on Versaggi's failure-to-accommodate claim.