# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-60768
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 20, 2015

Lyle W. Cayce
Clerk

CHARLES D. COLLINS,

      Plaintiff - Appellant

v.

JACKSON PUBLIC SCHOOL DISTRICT,

      Defendant - Appellee

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:12-CV-273

Before REAVLEY, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

Plaintiff Charles D. Collins appeals the district court's dismissal of his Title IX retaliation and state-law claims against the school district where he had been employed. We AFFIRM.

The plaintiff formerly worked as a math teacher and baseball coach at Callaway High School in the Jackson Public School District ("the District"). In July 2009, he drafted a Title IX complaint alleging discrimination against

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-60768

female athletes by the District. A parent of a student filed the complaint with the United States Department of Education's Office for Civil Rights ("OCR"). In October 2009, the OCR notified the District's then-superintendent Dr. Lonnie Edwards that it was conducting a Title IX investigation.

In February 2010, Collins alleges Dr. Pamela Self, then-assistant principal of Callaway, created fraudulent observation documents that were used to support Collins's less-than-favorable summary-evaluation. In March, Collins filed an internal grievance with the District's human resources department about the evaluation. Collins alleges that HR Director Carol Dorsey never investigated the grievance. In June, Collins filed a retaliation complaint with the OCR.

In August 2010, Collins was transferred to the District's Capital City Alternative School. In December, the OCR informed Collins that it was closing its investigation of his retaliation complaint due to insufficient evidence. On April 13, 2012, Collins received notice of nonrenewal of his teaching contract for the 2012-13 school year due to an expiring endorsement on his license.

On April 23, 2012, Collins filed suit against the District in the United States District Court for the Southern District of Mississippi. He brought four retaliation claims under Title IX of the Education Amendments of 1972, and state-law claims for breach of implied covenant of good faith and fair dealing, defamation, negligent misrepresentation, fraudulent misrepresentation, and intentional infliction of emotional distress. The District filed a motion for summary judgment on all of Collins's claims. The district court granted summary judgment dismissing Collins's retaliation claims, finding that he failed to satisfy the elements required for a prima facie case. It then declined to exercise supplemental jurisdiction over Collins's state-law claims and dismissed them without prejudice. Collins now appeals.

No. 14-60768

DISCUSSION

A district court's grant of summary judgment is reviewed *de novo*. *Berquist v. Washington Mut. Bank*, 500 F.3d 344, 348 (5th Cir. 2007). Federal Rule of Civil Procedure 56(c) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case . . . ." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

Collins argues that the District retaliated against him because of his involvement with the Title IX complaint filed in July 2009. He claims there were four acts of retaliation: (1) Dr. Self's evaluation of Collins; (2) HR Director Dorsey's failure to investigate Collins's grievance; (3) Collins's transfer to the Alternative School; and (4) the nonrenewal of Collins's contract.[1]

## I.    *Title IX retaliation claims*

The language of the anti-retaliation provision of Title IX and that of Title VII are similar and "should be accorded a similar interpretation." *Lowrey v. Texas A&M Univ. Sys.*, 117 F.3d 242, 252 n.18 (5th Cir. 1997) (citations omitted). To establish a prima facie case of retaliation, the plaintiff must show that: (1) he engaged in a protected activity, (2) he suffered an adverse employment action, and (3) a causal connection exists between the protected activity and the adverse employment action. *See Willis v. Cleco Corp.*, 749 F.3d 314, 317 (5th Cir. 2014).

The district court held that Collins failed to establish causation as to his retaliation claims based on Dr. Self's evaluation and Dorsey's failure to

---

[1] Collins also raises two new claims on appeal that were not raised at the district court – a "mixed motive" claim and a claim for indemnification. Claims raised for the first time on appeal will not be considered. *Stewart Glass & Mirror, Inc. v. U.S. Auto Glass Discount Ctrs., Inc.*, 200 F.3d 307, 316-17 (5th Cir. 2000).

3

investigate the grievance, because neither Dr. Self nor Dorsey knew of Collins's involvement with the Title IX complaint.  Unless a defendant knows that a plaintiff "engaged in any protected activity" at the time of the alleged retaliation, causation has not been shown.  *Watts v. Kroger Co.*, 170 F.3d 505, 512 (5th Cir. 1999).  In his deposition, Collins stated that Dr. Self was not aware that he participated in the Title IX complaint.  As to Dorsey, Collins has provided no evidence that she was aware of Collins's involvement with the Title IX complaint.  Thus, the district court's dismissal was proper.

As to Collins's retaliation claim based on his transfer to the Alternative School, the district court held that he failed to provide evidence that the transfer constituted an adverse employment action.  This court takes a "narrow view of what constitutes an adverse employment action . . . ."  *Breaux v. City of Garland*, 205 F.3d 150, 157 (5th Cir. 2000) (citations omitted).  We have held that a transfer "can be the equivalent of a demotion, and thus constitute an adverse employment action . . . if the new position proves objectively worse – such as being less prestigious or less interesting or providing less room for advancement."  *Thompson v. City of Waco, Tex.*, 764 F.3d 500, 503 (5th Cir. 2014) (citations and quotation marks omitted).

The district court found that Collins had offered no evidence that the Alternative School was objectively worse than Calloway.  The court in its order quoted a section in Collins's brief where Collins had explained why he believed the Alternative School was a demotion.  Though the court was "inclined to believe" the statements, it held that such statements were not evidence usable on summary judgment.  Arguments in briefs, like allegations in a complaint, are assertions, not evidence.  Rule 56 requires that claimed facts be supported by citations "to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers, or other

materials[.]" FED. R. CIV. P. 56(c)(1)(A).   A non-movant must "go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial . . . ." *Celotex,* 477 U.S. at 324 (citation and quotation marks omitted).  Collins did not cite to the record for support on the question of whether the Alternative School was "objectively worse."[2]

Furthermore, we have held that to establish causation on retaliation claims, "temporal proximity must be very close." *Gorman v. Verizon Wireless Tex., L.L.C.*, 753 F.3d 165, 171 (5th Cir. 2014) (citation omitted).   Close temporal proximity is lacking here, as Collins was transferred to the Alternative School more than nine months after the District was notified of the Title IX complaint. *Id.* (finding a lack of causation where ten months separated the protected activity and the adverse employment action).   The district court properly dismissed this claim.

The district court dismissed Collins's retaliation claim based on the nonrenewal of his contract due to a lack of argument on the issue in his response to the District's motion for summary judgment.   "Although we liberally construe the briefs of pro se appellants, we also require that arguments must be briefed to be preserved." *Price v. Digital Equip. Corp.*, 846 F.2d 1026, 1028 (5th Cir. 1988) (citations omitted).   On appeal, Collins refers in passing to the nonrenewal of his contract once in his initial brief and once

---

[2] Collins argues in his reply brief that the District conceded in its Answer that the Alternative School does not offer extracurricular activities and serves as a learning alternative for students with adjustment difficulties and disciplinary problems. Regardless of whether an Answer could be relied upon by the plaintiff on summary judgment, Collins did not refer to the Answer in the district court.  Rule 56(c)(1)(A) requires that parties refer the court to the relevant sections of the record.  A district court is required to review on summary judgment only those portions of the record identified by the parties. *Celotex,* 477 U.S. at 324.  We note that the motion may be "opposed by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves . . . ." *Id.*

in his reply, and provides argument in neither.   Thus, he has abandoned this argument on appeal.

## II.   *State-law claims*

The district court declined to exercise supplemental jurisdiction over Collins's state-law claims because, once his retaliation claims were dismissed, there were "not any pending federal law claims."   Because it is our "general rule that courts should decline supplemental jurisdiction when all federal claims are dismissed or otherwise eliminated from a case," the district court's dismissal of the state-law claims without prejudice is affirmed.   *See Certain Underwriters at Lloyd's, London v. Warrantech Corp.*, 461 F.3d 568, 578 (5th Cir. 2006) (citations omitted).

AFFIRMED.