# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 1, 2023

Lyle W. Cayce
Clerk

No. 22-20592

Maria Francia Neptune,

*Plaintiff—Appellant*,

*versus*

Indian Harbor Insurance Company; John Doe; Travelers Casualty and Surety Company,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:21-CV-1357

Before Clement, Elrod, and Willett, *Circuit Judges*.

Per Curiam:[*]

Maria Neptune sought coverage for injuries she sustained from a car accident while working as a Lyft driver. Lyft's insurer, Indian Harbor Insurance Company, denied coverage. Neptune sued, and the district court granted summary judgment for Indian Harbor, holding that Neptune's accident was not covered. Finding no error, we AFFIRM.

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-20592

I

In the early hours of April 22, 2019, Maria Neptune, while working as a Lyft driver, accepted a request for a short ride from Houston to Cypress. At the pick-up spot, a young man got into her SUV. As was her practice, Neptune then locked the doors. But before she could begin driving, a man wearing a hoodie tried to get into the SUV. Neptune had noticed the man walking behind the passenger but at a distance, so she asked her passenger "if he was coming with someone." The passenger answered no and told her to drive away quickly. As she did, the man in the hoodie began shooting at her SUV, ultimately breaking her back window.

Neptune drove straight to the drop-off location, a gated apartment complex. But her passenger did not have the correct gate code. Neptune drove around the complex trying the various gates. While trying a gate at the front of the complex, a vehicle pulled behind hers and began shooting at her, hitting one of her tires. Fortunately, Neptune managed to do a U-turn and drive away. About two miles from where she last saw the shooter, while trying to get to the highway, Neptune hit an "island or sidewalk before crashing into a wall." Neptune and her passenger hid in the grass and waited for police.

Texas law requires Lyft to have uninsured/underinsured motorist coverage for its drivers. *See* Tex. Ins. Code § 194.053. Lyft had coverage through Indian Harbor. The policy stated:

> We will pay damages which an "insured" is legally entitled to recover from the owner or operator of an "uninsured motor vehicle" because of "bodily injury" sustained by an "insured" or "property damage" caused by an "accident." The owner's or operator's liability for these damages must arise out of the ownership, maintenance, or use of the "uninsured motor vehicle."

No. 22-20592

The policy in part defines "uninsured motor vehicle" as, "A land or motor vehicle or 'trailer' of any type . . . Which is a hit-and-run vehicle whose operator or owner cannot be identified. The vehicle must hit an 'insured', a covered 'auto' or a vehicle an 'insured' is occupying."

Neptune sued Indian Harbor and the unidentified driver in state court.[1] Neptune sought in part a declaratory judgment that Indian Harbor's policy covered the accident. Indian Harbor removed the case to federal court and, after discovery, moved for summary judgment.

The district court granted the motion, explaining that the policy's plain language only covered uninsured motorist accidents if the uninsured motorist hit the insured or the insured's car. Finding that Neptune produced no evidence that the shooter's vehicle hit hers, the court concluded her coverage claim failed as a matter of law. The district court secondarily held, "To the extent that Doe's driving enabled him to shoot at Plaintiff's vehicle ultimately causing her injuries, those injuries did not 'arise out of' Doe's use of a motor vehicle" under Texas law.

Neptune filed a motion to reconsider, which the district court denied, and then filed this timely appeal.

II

"We review a grant of summary judgment *de novo*." *Guzman v. Allstate Assurance Co.*, 18 F.4th 157, 160 (5th Cir. 2021) (citation omitted). Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "A genuine [dispute] of material

---

[1] Neptune also sued Travelers Casualty and Surety Co., but ultimately nonsuited them.

fact exists when the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 328 (5th Cir. 2017) (citation omitted). "All evidence is viewed in the light most favorable to the nonmoving party and all reasonable inferences are drawn in that party's favor." *Id.* at 328–29 (citation omitted). Still, "summary judgment remains appropriate if the non-movant's evidence is 'merely colorable' or 'not significantly probative.'" *Certain Underwriters at Lloyd's of London v. Lowen Valley View, L.L.C.*, 892 F.3d 167, 170 (5th Cir. 2018) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 255 (1986)).

## III

As we are sitting in diversity, we apply Texas law to this dispute. *Lowen Valley View, L.L.C.*, 892 F.3d at 170; *Erie R. Co. v. Tompkins*, 304 U.S. 64, 78–80 (1938). Texas courts construe and enforce insurance policies like contracts. *Am. Nat'l Ins. Co. v. Arce*, --- S.W.3d ---, 2023 WL 3134718, at *5 (Tex. 2023). And, under Texas law, "[t]he insured bears the burden of establishing that its claim is covered by the policy." *Lowen Valley View, L.L.C.*, 892 F.3d at 170 (citing *Wells v. Minn. Life Ins. Co.*, 885 F.3d 885, 890 (5th Cir. 2018)).

Neptune argues that the district court erred in holding that she failed to establish Lyft's Indian Harbor policy covered her injuries in two ways: (1) by concluding her claim did not involve the "use" of the uninsured vehicle and (2) by finding that she presented no evidence of physical contact between her vehicle and the unidentified driver. Because Neptune failed to show a fact dispute on whether her injures stemmed from the uninsured vehicle hitting hers, we affirm.

As noted above, Lyft's Indian Harbor policy covers accidents arising out of the use of an "uninsured vehicle." The policy defines "uninsured vehicle" as a vehicle that "hit" an "insured," a covered "auto," or a vehicle

an "insured" is occupying. The upshot of these provisions is that, to establish coverage, Neptune must show not only that her injuries stem from the "use" of the uninsured vehicle, but also that the uninsured vehicle hit her or her vehicle.

Below, Indian Harbor presented evidence of Neptune's repeated deposition testimony in which she stated that she crashed because she hit an island while trying to turn right. Indian Harbor also pointed to Neptune's repeated statements that she did "not recall" the uninsured vehicle hitting her when she crashed, and that the uninsured vehicle was not around when she crashed.

We agree with the district court's assessment of the summary-judgment record. Neptune did not submit any rebuttal evidence in response to Indian Harbor's motion. Neptune only stated in response that the "unknown Defendant driver hit Plaintiff's vehicle from behind causing Plaintiff to lose control of her vehicle and crash which caused her to suffer serious and permanent bodily injuries." But, as the district court held, statements in briefs, without supporting evidence, are insufficient to create a fact dispute on summary judgment. *See Collins v. Jackson Pub. Dist.*, 609 F. App'x 792, 795–96 (5th Cir. 2015) (quoting Fed. R. Civ. P. 56(c)(1)(A)). The district court also rightly held that her lone statement that "it's possible" the vehicle hit her SUV was also not enough to survive summary judgment given her failure to mention any collision in her Second Amended Complaint and her consistent testimony that she does not recall any contact with the uninsured vehicle. *See Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (A non-movant must point to more than "some metaphysical doubt as to the material facts," "conclusory allegations," "unsubstantiated assertions" or "only a scintilla of evidence.") (citations omitted).

Neptune points to her deposition testimony that there was damage to her rear bumper. But Neptune did not point the district court to this evidence below. Under the federal rules, the parties must point the court to any evidence pertinent to their position: "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment." *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006). Neptune also faults Indian Harbor for not including all of the exhibits to her deposition in support of its motion, arguing that its failure to do so means it failed to satisfy its summary judgment burden. But Neptune bore the burden of "designat[ing] specific facts showing that there is a genuine [dispute] for trial." *Little*, 37 F.3d at 1079 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)).

Even if the uninsured driver hit her at some point, Neptune presented no evidence connecting that contact to her crash. *Cf. Mid-Century Ins. Co. of Tex. v. Lindsey*, 997 S.W.2d 153, 156 (Tex. 1999). Indeed, Neptune testified to the opposite—that she last saw the uninsured vehicle at a point more than two miles from the accident location. Thus, Neptune failed to raise a genuine dispute of material fact on whether the uninsured vehicle hit her. Accordingly, the district court did not err in granting summary judgment for Indian Harbor.

Because Neptune fails to show a genuine dispute of fact on the physical contact requirement of the insurance policy, we do not address her argument that the accident arose out of the use of a vehicle.[2]

AFFIRMED.

---

[2] Indian Harbor's briefing also focuses on whether a drive-by shooting can satisfy the physical contact requirement for purposes of insurance coverage. However, Neptune stated that she is not asserting that the shooting caused her injuries. So we do not address this argument.