# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

August 8, 2024

Lyle W. Cayce
Clerk

No. 23-20290

―――――――――

Beau Kelley; Alvin Perez Lopez; Anthony Martin;
Austin Braswell; Carlos Perez, Et al.

*Plaintiffs—Appellants*,

*versus*

Alpine Site Services, Incorporated,

*Defendant—Appellee*.

―――――――――――――――――――――――――

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:19-CV-1152

―――――――――――――――――――――――――

Before Southwick, Haynes, and Graves, *Circuit Judges*.

Leslie H. Southwick, *Circuit Judge*:

The Plaintiffs sued their former employer Alpine Site Services, Inc. for violating the Fair Labor Standards Act ("FLSA") by not paying them the required overtime pay. Alpine argued no such pay was owed because the Motor Carrier Act ("MCA") exemption applied. The district court agreed and dismissed the suit with prejudice. We AFFIRM.

The FLSA mandates that no employer shall require its employees to work more than 40 "hours unless such employee receives compensation for his employment in excess of [40] hours . . . at a rate not less than [1.5] times

the regular rate" he is paid. 29 U.S.C. § 207(a)(1). This "overtime-pay rule is subject to several enumerated exemptions." *Cunningham v. Circle 8 Crane Servs., L.L.C.*, 64 F.4th 597, 600 (5th Cir. 2023) (citation omitted). One such exemption is the MCA exemption, which excuses common and private motor carriers from their obligation to pay overtime to any employee over "whom the Secretary of Transportation has power to establish qualifications and maximum hours of service pursuant to" 49 U.S.C. § 31502. 29 U.S.C. § 213(b)(1); 49 U.S.C. § 31502(b)(1)–(2); *see* 29 C.F.R. § 782.2.

The MCA exemption applies only to employees who "(1) [a]re employed by carriers whose transportation of passengers or property by motor vehicle is subject to" the Secretary of Transportation's jurisdiction "and (2) engage in activities of a character directly affecting the safety of operation of motor vehicles in the transportation on the public highways of passengers or property in interstate or foreign commerce within the meaning of the [MCA]." 29 C.F.R. § 782.2(a). Four classes of employees are typically covered by the MCA exemption if their work directly affects the safety of motor vehicles in interstate commerce: drivers, driver's helpers, loaders, and mechanics. § 782.2(b)(1)–(2).

The Plaintiffs' first issue is that the district court erroneously classified them as "loaders" and therefore applied the MCA exemption. To determine whether an employee falls into one of the covered employee categories, "neither the name given to his position nor that given to the work that he does is controlling"; it is the character of his job duties and activities. § 782.2(b)(2). For purposes of the MCA exemption, a loader is an employee "whose duties include, among other things, the proper loading of his employer's motor vehicles so that they may be safely operated on the highways of the country." § 782.5(a). These duties "directly affect[] 'safety of operation' so long as [the employee] has responsibility when such motor vehicles are being loaded, for exercising judgment and discretion in planning

and building a balanced load or in placing, distributing, or securing the pieces of freight in such a manner" that the vehicles' safety is not jeopardized. *Id.*

Numerous witnesses, including several Plaintiffs, testified at trial that Alpine employees use their own judgment in loading vehicles; Alpine employees regularly load vehicles; there is not always supervision and direction as to loading; crew members like the Plaintiffs make independent loading decisions; and every crew member is trained how to load trailers safely and will be called on to do so as needed. The district court credited this testimony and found that Alpine employees "load and secure" equipment; the Plaintiffs "did in fact load" such equipment; and the "Plaintiffs shared in the exercise of discretion regarding loading the trailers and their loading duties had a significant effect on the safety of [Alpine's] vehicles." The Plaintiffs presented no contradictory evidence to challenge these findings. Without such evidence, they failed to establish clear error or how the district court's factual findings were inconsistent with the evidence. *See Guzman v. Hacienda Recs. & Recording Studio, Inc.*, 808 F.3d 1031, 1036 (5th Cir. 2015).

Further, it is not required that a loader's sole job responsibility be to load and unload freight. Even full-duty loaders "may engage in some activities which do not affect safety of operation" and are not recognized as activities within the statutory definition of loading. *Levinson v. Spector Motor Serv.*, 330 U.S. 649, 670 (1947); *see* 29 C.F.R. § 782.5(a). All that is required is for employees "to devote . . . a 'substantial part' of [their] time to activities directly affecting safety of operation." *Levinson*, 330 U.S. at 681. If loading is no more than a "trivial, casual or occasional . . . part of an employee's activities," the employee cannot be classified as a loader. *Wirtz v. Tyler Pipe & Foundry Co.*, 369 F.2d 927, 930 (5th Cir. 1966) (quoting *Pyramid Motor Freight Corp. v. Ispass*, 330 U.S. 695, 708 (1947)). Here, trial testimony established that one of a crew member's regular duties is to load trailers on a

weekly basis and that the Plaintiffs were regularly called upon to load. The Plaintiffs testified they were required to load at least one to three times per week and loading could amount to 40 percent of their job responsibilities.

There is no specific, minimum frequency with which an employee must engage in work to which the MCA exemption would apply. We agree with another panel's assessment that "we do not require a particularly high concentration of qualifying work." *Amaya v. NOYPI Movers, L.L.C.*, 741 F. App'x 203, 206 (5th Cir. 2018). Because the work is evaluated on a class-wide basis, we also agree that the MCA exemption can apply "to employees who rarely, or never engage in" safety-affecting activities. *Id.* (citation omitted). We conclude that, when loading at times amounts to 40 percent of the work and employees are required to load at least one to three times per week, the MCA exemption applies. Indeed, one of our precedents found the MCA exemption applied when the degree of relevant work was comparable to this case. *See Songer v. Dillon Res., Inc.*, 618 F.3d 467, 475–76 (5th Cir. 2010).[1]

The Plaintiffs also argue the MCA exemption must be determined on a week-by-week basis. Under this exemption, "if the bona fide duties of the job performed by the employee" subject the employee to be or to likely be "called upon in the ordinary course of his work to perform, either regularly or from time to time, safety-affecting activities . . . he comes within the exemption in all workweeks when he is employed at such job." 29 C.F.R. § 782.2(b)(3). This "rule applies regardless of the proportion of the

---

[1] The Supreme Court recently abrogated *Songer* and other related precedents. *See Encino Motorcars, LLC v. Navarro*, 584 U.S. 79, 89 (2018). We agree, however, with another panel that "the central analyses of these [abrogated] decisions remain unaffected because they concern the interpretation and application of FLSA-implementing regulations, not the statute itself." *Amaya*, 741 F. App'x at 205 n.2 (referencing *Encino Motorcars*, 584 U.S. at 89).

employee's time or of his activities which is actually devoted to such safety-affecting work . . . and the exemption will be applicable even in a workweek when the employee happens to perform no work directly affecting 'safety of operation.'" *Id.*

The MCA exemption thus applies in all work weeks, even those in which the employee performs only non-safety-affecting duties, so long as an employee's continuing duties are safety-affecting. *Songer*, 618 F.3d at 475. It was therefore not error for the district court to conclude Alpine was not required to prove the MCA exemption applied to the Plaintiffs' employment on a week-by-week basis.

Because the Plaintiffs were regularly called upon in the ordinary course of their work to perform, and did perform, safety-affecting work, they qualified under the MCA exemption in all workweeks they were employed with Alpine. It was thus not clearly erroneous for the district court to find on this record that the "Plaintiffs, as part of their job duties, were expected to and did in fact load" materials onto Alpine trailers, and "[t]hese job duties were not so trivial . . . as to not affect the safety of Alpine's operations." *See Guzman*, 808 F.3d at 1036.

The Plaintiffs' second claim of error is that the district court abused its discretion when it denied the Plaintiffs' motion to amend the court's factual findings. *See* FED. R. CIV. P. 52(b). The argument is made in one sentence on the last page of their brief. In summary, which is not much shorter than its entirety, the Plaintiffs argue it was error to deny the motion "to add or amend findings of fact regarding the duties and responsibilities" of the Plaintiffs.

Appellants are required to present an argument and citations to supporting authority for each contention in their brief. FED. R. APP. P. 28(a)(8)(A). They must provide meaningful analyses for each issue and

present more than conclusory allusions as to their arguments for the issues to be properly raised on appeal. *United States v. Scroggins*, 599 F.3d 433, 446–47 (5th Cir. 2010); *see also Ard v. Rushing*, 597 F. App'x 213, 221 n.7 (5th Cir. 2014). That did not occur here. We therefore do not consider this argument.

AFFIRMED.