# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
April 15, 2025

Lyle W. Cayce
Clerk

No. 24-10201
Summary Calendar

———————————

Sonya Chapman,

*Plaintiff—Appellant*,

*versus*

ADT, L.L.C.,

*Defendant—Appellee*.

———————————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:22-CV-2188

———————————————————————

Before Richman, Graves, and Douglas, *Circuit Judges*.

Per Curiam:[*]

After working for ADT as a scheduler for about a year, Sonya Chapman was promoted to Regional Support Specialist. However, after an on-the-job training program for Chapman's new role went poorly, ADT terminated her employment. Chapman brought this pro se suit against ADT alleging race, age, and sex discrimination; retaliation; a hostile work

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

environment; and various common law torts. She asserted causes of action under Title VII, the ADEA, 42 U.S.C. §§ 1981, 1982, 1983, 1985, and 1986, as well as the United States and Texas Constitutions, the Texas Labor Code, and Texas common law. ADT moved to dismiss Chapman's claims under Rule 12(b)(6), and the district court granted ADT's motion. Chapman appeals the dismissals, along with the district court's orders denying discovery and remand of her state-law claims. We affirm.

## I

Chapman is fifty-four years old and is an African-American woman. According to her complaint, she worked as a contractor for ADT in a scheduler role in the Field Operations Support Center from approximately February 2021 through December 2021. Chapman alleges that due to "her good performance evaluations," she received approval for a promotion to Regional Support Specialist in December 2021 and became a permanent ADT employee. After her promotion, Chapman began an on-the-job training program for the new role.

At some point in the training program, Chapman began to receive negative feedback from supervisors and trainers regarding her performance and professionalism. During the training, she received three written "Corrective Action[s]" that described ADT's performance expectations, detailed alleged episodes of Chapman's actual performance not meeting those expectations, and set forth plans for improvement. Chapman's employment was terminated shortly after she graduated from the training class.

Chapman broadly alleges that the Corrective Actions were "false," and she alleges a conspiracy to "intentionally deprive[] [her] of income from her employment." She alleges that, to manufacture reasons for her termination, ADT rotated the trainers in her program, with each providing

No. 24-10201

"likely negative performance reviews." Reviews from several trainers accordingly allowed ADT to "cover their tracks." Chapman concludes that "training with so many different trainers was discriminatory."

Chapman filed a charge with the EEOC, which declined to investigate her claim. Chapman then filed a pro se complaint against ADT in federal court, alleging violations of Title VII, and she later amended her complaint to add additional claims. After Chapman filed a similar suit against ADT in state court, ADT removed the state court action, and the district court consolidated the two suits and ordered Chapman to file an amended complaint in the consolidated action.

ADT moved to dismiss Chapman's second amended complaint under Rule 12(b)(6). The magistrate judge construed Chapman's complaint as alleging violations of Title VII, the ADEA, 42 U.S.C. §§ 1981, 1985, and 1986, Texas Labor Code Chapter 21, Texas common law, as well as the Texas and United States Constitutions. The magistrate judge analyzed each of Chapman's claims and recommended granting ADT's motion. The district court adopted the magistrate judge's findings, conclusions, and recommendation, and dismissed Chapman's claims under federal law and the Texas Constitution with prejudice and dismissed her Texas common law claims without prejudice. The district court also denied Chapman's motions for discovery and to sever and remand the state court action. Chapman timely appealed.

## II

Chapman takes a scattershot approach to this appeal, attempting to challenge the district court's dismissal of her various federal and state claims, the denial of her motions for discovery, and the denial of her motion to remand.

No. 24-10201

Chapman appeals pro se, so we construe her briefing liberally.[1] However, she still "must adhere to the requirements of the Federal Rules of Appellate Procedure," which "require[] an appellant to set forth [her] 'contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies.'"[2] "At the very least, this means clearly identifying a theory as a proposed basis for deciding the case" and "ordinarily identify[ing] the relevant legal standards and 'any relevant Fifth Circuit cases.'"[3] Chapman's briefing fails to do this. Chapman's briefing is confusing and difficult to follow, frequently cites to off-topic legal authorities and rules, often omits record citations for factual assertions, and generally fails to "provide meaningful analyses for each issue and present more than conclusory allusions."[4] Because "we cannot discern the basis or substance of her argument[s] . . . [they] are [forfeited] due to inadequate briefing."[5]

We have nevertheless considered the district court's judgment, and the magistrate judge's findings and conclusions. We find no harmful error, if any error, in the rulings assailed in this appeal.

---

[1] *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995) (per curiam).

[2] *Arredondo v. Univ. of Tex. Med. Branch at Galveston*, 950 F.3d 294, 298 (5th Cir. 2020) (quoting FED R. APP. P. 28(a)(8)(A)).

[3] *United States v. Scroggins*, 599 F.3d 433, 447 (5th Cir. 2010) (quoting *Knatt v. Hosp. Serv. Dist. No. 1 of E. Baton Rouge Par.*, 327 F. App'x 472, 483 (5th Cir. 2009)); *see also SEC v. Hallam*, 42 F.4th 316, 327 (5th Cir. 2022) ("To be adequate, a brief must 'address the district court's analysis and explain how it erred.'" (quoting *Rollins v. Home Depot USA*, 8 F.4th 393, 397 n.1 (5th Cir. 2021))).

[4] *See Kelley v. Alpine Site Servs., Inc.*, 110 F.4th 812, 817 (5th Cir. 2024); *see also Arredondo*, 950 F.3d at 299 (concluding that appellee was prejudiced by appellant's non-compliant brief because "it [was] confusing and layered with arguments that are not supported by the record").

[5] *In re Repine*, 536 F.3d 512, 518 n.5 (5th Cir. 2008).

No. 24-10201

\*   \*   \*

For the foregoing reasons, the district court's judgment and the challenged orders are AFFIRMED.