# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 18, 2026

Lyle W. Cayce
Clerk

No. 25-40644

Anthony Hrncir,

*Plaintiff—Appellant*,

*versus*

Internal Revenue Service; Department of the Treasury; Federal Trade Commission; Social Security Administration; U.S. Department of State, Texas; Comptroller of Public Accounts of the State of Texas; Texas Department of Banking; Texas Attorney General; Texas Secretary of State; Collin County Auditor's Office; Collin County Tax Assessor/Collector; Collin County District Clerk's Office; Collin County Attorney's Office; City of Allen Finance Department; Allen Economic Development Corporation; City of Allen City Attorney's Office,

*Defendants—Appellees*.

---

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:24-CV-692

---

Before Higginbotham, Engelhardt, and Ramirez, *Circuit Judges*.

No. 25-40644

Per Curiam:[*]

Anthony Hrncir appeals the district court's dismissal of his pro se complaint against various governmental entities for alleged violations of the Freedom of Information Act ("FOIA") and the Privacy Act for lack of subject matter jurisdiction. We AFFIRM.

I

Anthony Hrncir sued the United States Internal Revenue Service ("IRS"), the Federal Trade Commission ("FTC"), the Social Security Administration ("SSA"), and the United States Department of State ("State") (collectively, "U.S. Defendants"), as well as various state and local governmental entities. He alleged that he "is the intellectual consciousness labeled generally as Anthony Hrncir, with his proprietary work and name under which much is registered and implicitly or explicitly reserved," that "[v]arious entities, including foreign government departments, have monetized the intellectual property that the name 'ANTHONY HRNCIR' [sic] represents without [his] knowledge or consent," that "[a] recent legal action resulted in a judgment of $5,000, with the agreement that the balance of $49,995,000 remains due and owing," and that "relevant finance and money-related agencies at the federal, state, and county levels" never answered his June 29, 2024 letter "demanding full disclosure, accounting, and mediation regarding the unauthorized use of [his] proprietary work and name." Hrncir also alleges that he "has not been granted access to the documents requested" and that the defendants "have failed to ensure the accuracy, completeness, timeliness, and relevance of the disseminated information." He seeks a declaratory judgment that the defendants must provide full disclosure, accounting, and mediation; an order

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

declaring that the defendants violated the Privacy Act and FOIA and directing the defendants to disclose requested records and to expunge all records or information that is inaccurate or derogatory to him; and a referral for criminal prosecution.

The defendants moved to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1). The state and local government defendants primarily argued that Hrncir lacks standing to bring this lawsuit because his complaint does not allege facts sufficient to show that he suffered an injury-in-fact that is fairly traceable to each of them. The U.S. Defendants argued that Hrncir failed to exhaust administrative remedies under either the Privacy Act or the FOIA. They submitted sworn declarations attesting that the IRS, SSA, and State did not receive his letter of June 29, 2024, or any other FOIA or Privacy Act request from him concerning the records referenced in his complaint, and that the FTC had received a letter dated June 29, 2024, but it did not state that it was a request for records under the FOIA or the Privacy Act.

At the recommendation of a magistrate judge, the district court dismissed Hrncir's complaint for lack of jurisdiction, concluding he failed to plead facts necessary to establish standing to pursue his claims against any defendant. The court also found that even if he had established standing, his claims for relief under the FOIA or the Privacy Act are subject to dismissal because the statutes do not apply to state and local governments and he failed to show that he had submitted valid FOIA or Privacy Act requests to the U.S. Defendants. Hrncir timely appeals.

II

We review a dismissal for lack of subject matter jurisdiction under Rule 12(b)(1) de novo. *Crane v. Johnson*, 783 F.3d 244, 250 (5th Cir. 2015). "The burden of proving subject matter jurisdiction lies with the party

asserting jurisdiction, and it must be proved by a preponderance of the evidence." *In re S. Recycling, L.L.C.*, 982 F.3d 374, 379 (5th Cir. 2020). In examining a Rule 12(b)(1) motion, "the district court may rely on the complaint, undisputed facts in the record, and the court's resolution of disputed facts." *Morris v. Thompson*, 852 F.3d 416, 419 (5th Cir. 2017). "Ultimately, a motion to dismiss for lack of subject matter jurisdiction should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle plaintiff to relief." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

## III

As an initial matter, Hrncir's brief does not address the district court's determination that he lacked standing[1] to bring his complaint. Although this court liberally construes pro se briefs, even pro se appellants must adequately brief arguments to preserve them. *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995). Because Hrncir fails to address the district court's basis for dismissing his complaint, he has abandoned any argument concerning dismissal for lack of standing. *See Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987) (holding that appellant's failure to identify any error in the basis for the district court's judgment "is the same as if he had not appealed that judgment").

Nevertheless, Hrncir argues that the dismissal must be vacated because the district court "resolved contested jurisdictional and merits-intertwined issues against [him] without fact-finding, discovery, or record correction." He contends that the disputed accuracy, completeness, and

---

[1] To establish standing, a plaintiff must show "(i) that he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021).

legal sufficiency of the records maintained by the U.S. Defendants goes to the merits of his claims and are intertwined with jurisdictional facts. As legal support, he cites *Bell v. Hood*, 327 U.S. 678 (1946) and *Williamson v. Tucker*, 645 F.2d 404 (5th Cir. 1981), but he does not explain how, based on the facts he alleged, these cases support his contention that the district court's subject matter jurisdiction is intertwined with the merits, or why the court erred in dismissing his complaint. Hrncir has forfeited this argument by failing to adequately brief it. *See Rollins v. Home Depot USA*, 8 F.4th 393, 397 (5th Cir. 2021); *see also Nichols v. Enterasys Networks, Inc.*, 495 F.3d 185, 190 (5th Cir. 2007) ("Where analysis is so deficient, this court has considered the issue waived for inadequate briefing.").

Hrncir also asserts that the district court improperly deferred to agency determinations without judicial review, the agencies relied on inaccurate or incomplete records, the district court denied him due process by rejecting or disregarding his "filings and objections without resolving threshold jurisdictional issues," and remand is required for jurisdictional fact-finding and record correction. Again, Hrncir's brief fails to "provide meaningful analyses for each issue and present more than conclusory allusions." *Kelley v. Alpine Site Servs., Inc.*, 110 F.4th 812, 817 (5th Cir. 2024). It also does not provide record citations supporting his arguments. *See* Fed. R. App. P. 28(a)(8) (stating that an appellant's brief must contain the "appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies"); *see, e.g.*, *United States v. Rojas*, 812 F.3d 382, 407 n.15 (5th Cir. 2016) (holding that appellant failed to adequately brief arguments by failing to include record citations in support of the arguments). Accordingly, his remaining arguments are also forfeited due to inadequate briefing. *See Rollins*, 8 F.4th at 397.

No. 25-40644

\*     \*     \*

The judgment of the district court is AFFIRMED.