# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 28, 2012

No. 11-40492
Summary Calendar

Lyle W. Cayce
Clerk

CARLOS RAY KIDD,

Plaintiff-Appellant

v.

BRAD LIVINGSTON; LARRY LEFLORE; NATHANIEL QUARTERMAN; WILLIAM STEVENS; LOYD MASSY; R. BAKER; DWAYNE E. DEWBERRY; JIMMY O. BOWMAN; JAMES W. DANHEIM; OLIN C. STATHAM; W. WARREN; JAMES D. TIPPEN; JULIAN E. GODWIN; DAVID M. LARSEN,

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:09-CV-342

Before GARZA, SOUTHWICK, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Carlos Ray Kidd, Texas prisoner # 1079464, appeals from the summary judgment dismissal of his 42 U.S.C. § 1983 complaint. A magistrate judge, proceeding by consent, dismissed the complaint because Kidd failed to exhaust his administrative remedies. We AFFIRM.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-40492

We review grants of summary judgment *de novo*. *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010). Kidd contends that a prison official who is not a party waived the exhaustion defense by testifying, during a *Spears* hearing, that Kidd had exhausted his administrative remedies. *See Spears v. McCotter*, 766 F.2d 179, 181-82 (5th Cir. 1985). A district court generally cannot resolve the question of exhaustion in a *Spears* hearing before a responsive pleading is filed by the defendants. *Carbe v. Lappin*, 492 F.3d 325, 328 & n.9 (5th Cir. 2007). Thus, we conclude that any statement at the *Spears* hearing about exhaustion is not controlling. The magistrate judge did not order the defendants to respond to Kidd's complaint until more than seven months after the *Spears* hearing. The defendants then raised exhaustion in their answer and motion for summary judgment. Kidd's argument fails.

Next, Kidd argues that the magistrate judge improperly dismissed the claims raised in the following three grievances: numbers 2008149508 (# 9508); 2008158983 (# 8983); and 2009052920 (# 2920). He does not present any challenge to the magistrate judge's ruling as to two other grievances, numbers 2009052939 and 200916638. Therefore, their dismissals are sustained. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

Prisoners are required to exhaust administrative remedies before filing suit. *See* 42 U.S.C. § 1997e(a). A prisoner must not only pursue all available avenues of relief, but he must also comply with all administrative deadlines and procedural rules. *Woodford v. Ngo*, 548 U.S. 81, 90-91 (2006). It is the prison's requirements, not the Prison Litigation Reform Act, that define the requirements of exhaustion. *Jones v. Bock*, 549 U.S. 199, 218 (2007). The Texas Department of Criminal Justice has developed a two-step grievance process. *Johnson v. Johnson*, 385 F.3d 503, 515 (5th Cir. 2004). A grievance must be pursued through both steps before it can be considered exhausted. *Id.*

As to grievance # 9508, Kidd concedes he incorrectly filed his Step-2 appeal by attaching the wrong version of his Step-1 grievance. Because he filed a

2

procedurally defective Step-2 appeal, Kidd failed to satisfy the exhaustion requirement. *See Woodford*, 548 U.S. at 83-84; *Johnson*, 385 F.3d at 515. We will not consider the unprocessed Step-2 form for grievance # 9508 that Kidd presents for the first time on appeal. *See Theriot v. Parish of Jefferson*, 185 F.3d 477, 491 n.26 (5th Cir. 1999).

As to grievance # 8983, Kidd argued in the district court that he timely filed a Step-2 grievance but that prison officials never returned a processed form to him. Kidd's conclusory assertions and production of an unprocessed Step-2 form in the district court failed to create a genuine dispute as to his exhaustion of this grievance. *See Freeman v. Texas Dep't of Criminal Justice*, 369 F.3d 854, 860 (5th Cir. 2004).

Kidd next argues that, because he experienced ongoing constitutional violations threatening his safety, his Step-1 and Step-2 forms for grievance # 2920 exhausted his administrative remedies as to an incident that occurred more than five months earlier. This is an argument first raised on appeal and will not be considered. *Yohey*, 985 F.2d at 224-25.

As in the district court, Kidd seeks a transfer to an out-of-state or federal prison. Because he does not challenge the substance of the magistrate judge's rulings denying injunctive relief, Kidd has abandoned any challenge to those rulings. *See id.*; *Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). Furthermore, Kidd's notice of appeal and brief indicate that he is no longer housed on either the Darrington or Gib Lewis Unit as he was when he sought injunctive relief in the district court. His transfers from those units render his claim for injunctive relief moot. *See Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001). As to the units where prison officials subsequently housed Kidd, namely Jester 4 and Polunsky, Kidd has not established exhaustion of his administrative remedies. *See Wright v. Hollingsworth*, 260 F.3d 357, 358 (5th Cir. 2001).

3

Because Kidd failed to exhaust his administrative remedies, summary judgment dismissal was proper. *See Woodford*, 548 U.S. at 83-84, 90-91; *Johnson*, 385 F.3d at 515.

AFFIRMED.