# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

January 31, 2024

Lyle W. Cayce
Clerk

————————

No. 22-40415

————————

Raul Gerardo Favela, Jr.,

*Plaintiff—Appellant*,

*versus*

Bryan Collier, *Individually*; William Stephens, *Individually*; Brad Livingston, *Individually*; Richard Alford, *Individually*; Tommy Haynes, *Individually*,

*Defendants—Appellees*.

———————————————————————

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 9:19-CV-93

———————————————————————

Before Graves, Higginson, and Ho, *Circuit Judges*.

James E. Graves, Jr., *Circuit Judge*:

Texas inmate Raul Gerardo Favela, Jr. alleges that prison officials failed to prevent his assault by another inmate. He sued several Texas Department of Criminal Justice (TDCJ) employees, alleging that they ignored warnings that Favela was a target for violence. The district court granted summary judgment for the employees on the grounds that Favela

No. 22-40415

failed to exhaust his administrative remedies. Concluding that summary judgment was inappropriate, we REVERSE and REMAND.[1]

## I. BACKGROUND

Favela alleges that, between October 2015 and January 2016, his attorney wrote four letters to prison officials expressing concern that Favela had been labeled a "snitch" and that his safety was in danger. Each letter requested that Favela be moved to another facility. Instead, in March 2017, an inmate attacked Favela with a small motor wrapped inside a sock. Favela sustained injuries to his nose and eye socket, requiring surgery and causing him significant pain.

Favela sued five TDCJ employees under 42 U.S.C. § 1983, claiming that their failure to protect him violated his constitutional rights. On January 16, 2022, defendants Richard Alford, Bryan Collier, and Brad Livingston moved for summary judgment. They argued, among other things, that Favela failed to exhaust the prison's grievance process before suing as required by the Prison Litigation Reform Act (PLRA). The defendants attached Favela's grievance records, authenticated by TDCJ's custodian of records for its Offender Grievance Department, which did not contain any grievance pertaining to the allegations in Favela's complaint. Defendant Tommy Haynes later joined the defendants' motion.[2]

In his response, Favela argued that he had in fact filed a grievance pertaining to his claims. To substantiate that argument, Favela submitted only his own declaration. Therein, Favela declared that he timely submitted Step 1 and Step 2 grievances relating to his claims but never received a

_____

[1] Judge Ho would affirm the judgment of the district court.

[2] The fifth defendant, TDCJ employee William Stephens, has not appeared in this case.

response, and that he believed TDCJ was trying to frustrate any attempt he might make to file a lawsuit.

On April 21, 2022, the magistrate judge issued a Report and Recommendation on the defendants' motion, concluding that Favela failed to create a genuine issue of fact as to exhaustion. Specifically, the magistrate judge concluded that Favela's declaration was insufficient to carry his summary judgment burden because it was "unsupported" and "conclusory."

On May 11, 2022, the district court adopted the Report and Recommendation and entered judgment against Favela the same day. Favela appealed to this court.

## II. STANDARD OF REVIEW

The standard of review on summary judgment is *de novo*. *Davidson v. Fairchild Controls Corp.*, 882 F.3d 180, 184 (5th Cir. 2018). When a party moves for summary judgment on an issue where that party bears the ultimate burden of proof, it must establish a prima facie case with admissible evidence. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Because exhaustion of remedies is an affirmative defense, defendants bear both the ultimate burden of proof and the initial burden here. *See Jones v. Bock*, 549 U.S. 199, 216 (2007). The burden then shifts to the nonmoving party to show the existence of a genuine issue of material fact. *Id.*

## III. DISCUSSION

Under the PLRA, prisoners must exhaust their administrative remedies before filing suit under § 1983. *See* 42 U.S.C. § 1997e(a). A Texas prisoner must complete that state's two-step grievance process. *Johnson v. Johnson*, 385 F.3d 503, 515–16 (5th Cir. 2004). First, he must file a Step 1 grievance within fifteen days of the relevant incident. *Id.* at 515. The grievance must provide enough detail to give officials a fair opportunity to

resolve the problem. *Id.* at 517. Officials then have 40 days to resolve the Step 1 grievance. Tex. Dep't of Crim. Just., Offender Orientation Handbook 74 (2017), https://www.tdcj.texas.gov/documents/Offender_ Orientation_Handbook_English.pdf. If the prisoner is not satisfied with their response, he has fifteen days to appeal by filing a Step 2 grievance. *Id.* Only after the Step 2 grievance is resolved has the exhaustion requirement been satisfied. *Johnson*, 385 F.3d at 515. Indeed, to properly exhaust, an inmate must satisfy both steps of the grievance process in accordance with the state's procedural rules. *Woodford v. Ngo*, 548 U.S. 81, 90 (2006).

Here, the defendants satisfied their initial summary judgment burden by pointing to Favela's grievance records, which contain numerous grievances filed by Favela but no Step 1 or Step 2 forms pertaining to his claims in this case. The burden then shifted to Favela to establish a genuine issue of material fact. Favela produced his declaration, in which he stated the following:

> I filed a grievance after I was attacked within about 5 days or so requesting I be moved, for medical treatment for the injuries and pain, and damages for my pain and suffering and [stating] that the injuries were [the] fault of TDCJ officials who were notified of the danger I was in. I also filed an appeal of the grievance rerequesting the same things in the Step 1 grievance in a timely manner, however, I did not receive a response from TDCJ. I believe this was done to prevent a successful lawsuit.

It is possible for a party to demonstrate the existence of a genuine issue of material fact through reliance on a single declaration. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir.1994) (en banc). Nevertheless, the defendants contend that Favela's declaration fails because it is "conclusory, unsubstantiated, [and] self-serving." We have explained that "conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence"

cannot on their own create a genuine issue of material fact. *Freeman v. TDCJ*, 369 F.3d 854, 860 (5th Cir. 2004). The issue, then, is whether Favela's declaration satisfies that standard.

An assertion is conclusory if it relies on inferences without also setting forth the facts that support those inferences. *See Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 898–99 (1990) (concluding that assertions that an organization's mission had been "significantly impaired," its interests "had been injured," and it "would be irreparably harmed" were too conclusory to establish Article III standing on summary judgment); *see also Conclusory*, Black's Law Dictionary (11th ed. 2019) ("Expressing a factual inference without stating the underlying facts on which the inference is based").

Favela's declaration is conclusory in some respects. Favela stated only that he filed his Step 2 grievance "in a timely manner"—a statement that is conclusory at least as to timing because it lacks any specific fact to support the inference of timeliness. Favela could have stated whether or when he received a response to his Step 1 grievance, or how many days passed between such a disposition and his filing of the Step 2 grievance.

But the declaration is not devoid of specific facts. Indeed, Favela provided the general substance of his Step 1 grievance, stated approximately when that Step 1 grievance was filed, and noted that TDCJ failed to respond to his Step 2 grievance. In responding to the defendants' motion, Favela's burden was to "designate specific facts" showing that a genuine factual question exists, not to prove exhaustion. *Celotex*, 477 U.S. at 324. Because his declaration contains specific facts to support exhaustion, we conclude that it is not itself conclusory.

Next, we have found declarations to be "unsubstantiated" when they were not sufficiently "explicit and clear," *see Little*, 37 F.3d at 1075

(discussing *Hopper v. Frank*, 16 F.3d 92, 97 (5th Cir. 1994)), and particularly when they were inconsistent with other, more specific evidence in the record, *Martin v. Spring Break '83 Prods., L.L.C.*, 688 F.3d 247, 253 (5th Cir. 2012). Applying that type of reasoning, the Second Circuit, in a somewhat similar case to this one, recently concluded that a prisoner's declaration failed to create a genuine issue of material fact because it "rel[ied] on . . . unsubstantiated speculation." *Saeli v. Chautauqua County*, 36 F.4th 445, 455 (2nd Cir. 2022) (quoting *Fujitsu Ltd. v. Fed. Express Corp.*, 247 F.3d 423, 428 (2d Cir. 2001)). There, the prisoner actually provided two pieces of evidence: (1) a copy of his grievance form, which had been in the possession of the defendant county, and (2) his own sworn statement. *Id.* at 454. The court first discounted the grievance form because it indicated on its face that it was not filed on time, and the prisoner's sworn statements were too internally contradictory to add any clarity that helped him. *Id.* at 454-55. Then, the court explained that the sworn statement standing alone was also insufficient to demonstrate a genuine issue of material fact as to exhaustion because it only stated that the prisoner filed a grievance on "some unspecified date." *Id.* at 455.

The *Saeli* court explained that because the statement "[did] not purport to provide the timing of the submission," "the assertion that Saeli submitted the form in a timely manner rests entirely on speculation based on the face of the document, which, as discussed, is inherently inaccurate." *Id.* Something more was needed to substantiate that assertion—"even in the form of [Saeli's] own testimony from personal knowledge." *Id.*

In contrast, Favela's declaration does not rely on unsubstantiated or speculative assertions. First, Favela did more than declare that his grievance was submitted on "some unspecified date"—he stated that his Step 1 grievance was filed about five days after the incident and that his Step 2 grievance was "timely." Moreover, his declaration is not inconsistent with

his other representations, nor is it less specific than, nor even inconsistent with, the defendants' evidence. After all, it sets forth a plausible reason for the absence of the Step 1 and Step 2 forms from the record—his belief in TDCJ's desire to undermine his lawsuit.

For the same reasons as above, we also conclude that Favela's declaration contained more than a scintilla of evidence,[3] and that it was not "self-serving," at least not in the sense that it lacked genuine substance, *see Luna v. Davis*, 59 F.4th 713, 716 (5th Cir. 2023) (explaining that a declaration is *fatally* self-serving when its "contents [are] either conclusory, vague, or not based on personal knowledge" (quoting *Guzman v. Allstate Assurance Co.*, 18 F.4th 157, 161 (5th Cir. 2021)).[4]

Presented with a declaration that was not defective in any of those respects, the district court was required to believe the facts and make all justifiable inferences in Favela's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). Therefore, because Favela's declaration states that he filed a Step 1 grievance within about five days of his attack, the inference that he satisfied the Step 1 deadline is justifiable. And because Favela's declaration states that he filed a Step 2 grievance, the inference that he either did not receive a response to his Step 1 grievance, or received an unfavorable one, is also justifiable. And, finally, because the declaration states that

_____

[3] A scintilla is something less than the amount of evidence necessary to support a reasonable finding of fact. *Davis v. Chevron U.S.A., Inc.*, 14 F.3d 1082, 1086 (5th Cir. 1994) ("A rational trier of fact might conclude that Davis'[s] allegations present a scintilla of evidence, but a mere scintilla is not enough to defeat a motion for summary judgment."); *see also Marathon Corp. v. Pitzner*, 106 S.W.3d 724, 727–28 (Tex. 2003) ("Anything more than a scintilla of evidence is legally sufficient to support the trial court's finding . . . ."). *Black's Law Dictionary* defines it as "[a] spark or trace." *Scintilla*, BLACK'S LAW DICTIONARY (11th ed. 2019).

[4] Indeed, "[s]imply being 'self-serving[]' . . . does not prevent a party's assertions from creating a dispute of fact." *Bargher v. White*, 928 F.3d 439, 445 (5th Cir. 2019).

Favela's Step 2 grievance was filed "in a timely manner," the *only* reasonable inference is that he filed it within the deadline. Any assessment of that statement's credibility is a matter for trial, not summary judgment. *See id.*

The defendants argue that if a litigant "can simply issue a sworn declaration that he did exhaust administrative remedies," he could "self-generate an issue of material fact," rendering both the summary judgment standard and the exhaustion requirement essentially meaningless. But even accepting that argument, Favela did not simply declare that he exhausted his remedies; he provided specific facts to counter the defendants' prima facie showing. Moreover, he swore to the truth of those representations under penalty of perjury—one fact among others that distinguishes this case from those where we found a litigant's written statements to be insufficient. *See, e.g.*, *Kidd v. Livingston*, 463 F. App'x 311, 313 (5th Cir. 2012).

While the facts here lack a satisfying analogue in our published opinions, we are not alone in concluding that a showing like Favela's is satisfactory. In *Paladino v. Newsome*, the Third Circuit considered whether a New Jersey prisoner carried his summary judgment burden on exhaustion with regard to an excessive force claim. 885 F.3d 203 (3d Cir. 2018). Like here, the defendants produced the record of the prisoner's past grievances and contended that, because there were no forms relating to the excessive force claim, the prisoner failed to exhaust. *Id.* at 206. The prisoner countered that he had filed "numerous [ ] grievances" that "have gone missing." *Id.* To supplement that assertion, he submitted sworn deposition testimony which included his statement "that he 'submitted no less than six . . . forms about [excessive force].'" *Id.* at 209. The Third Circuit explained that because that statement "set forth specific facts," it showed that a genuine issue of material fact existed as to exhaustion. *Id.* Moreover, New Jersey, like Texas, requires prisoners to submit their grievances according to a specific timeline, *id.* at 205—but the court did not require the prisoner to point to

No. 22-40415

specific evidence of the precise timing of his submissions to create a genuine issue of material fact.

Here, Favela similarly satisfied his burden of demonstrating the existence of a genuine issue of material fact by pointing to specific facts in his own sworn statement.

## CONCLUSION

The order granting summary judgment is REVERSED and this case is REMANDED for proceedings consistent with our opinion.