# United States Court of Appeals
# for the Fifth Circuit

---

No. 23-50613
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**

August 15, 2024

Lyle W. Cayce
Clerk

RICKEY L. MCGEE,

*Plaintiff—Appellant*,

*versus*

BRYAN COLLIER, *Executive Director, Texas Department of Criminal Justice*; BRUCE ARMSTRONG, *Warden, Hughes Unit*; JUSTIN WADE, *Warden, Hughes Unit*; MAJOR TREYVON HOECUTT; JENNIFER HANLON; QUENTIN MANOR; MEDICAL AIDE ALISHA CAROUTHERS,

*Defendants—Appellees*.

---

Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:22-CV-767

---

Before SMITH, STEWART, and DUNCAN, *Circuit Judges*.

PER CURIAM:[*]

    Rickey L. McGee, Texas prisoner # 02173658, filed a 42 U.S.C. § 1983 civil rights complaint alleging that employees of the Texas

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 23-50613

Department of Criminal Justice (TDCJ) used excessive force, failed to protect him, failed to properly train employees, and intentionally withheld food and medicine. He contests the district court's dismissal with prejudice of his claims for failure to exhaust. *See* 42 U.S.C. § 1997e(a) (requiring prisoners to exhaust administrative remedies). McGee asserts that he did exhaust administrative remedies and, alternatively, he should be excused from the exhaustion requirement because the administrative process was unavailable to him.

The district court granted the defendants' motion for summary judgment. We review the district court's grant of summary judgment "*de novo*, applying the same standards as the district court." *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010) (internal quotation marks and citation omitted). In general, summary judgment is appropriate if the record discloses "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Conclusional assertions by the nonmoving party are insufficient to defeat summary judgment. *See Duffie v. United States*, 600 F.3d 362, 371 (5th Cir. 2010).

McGee's arguments are unavailing. First, the record reflects that he failed to exhaust his claims under the two-step grievance procedure required for Texas state prisoners. *See Favela v. Collier*, 91 F.4th 1210, 1212 (5th Cir. 2024). McGee's conclusory assertions to the contrary are insufficient. *See Duffie*, 600 F.3d at 371. Second, the record demonstrates that McGee was familiar with the two-step grievance procedure and had filed multiple Step 2 grievances unrelated to the issues present here. Additionally, like his first argument, McGee's conclusory assertion that the prison grievance system

2

No. 23-50613

was unavailable to him is insufficient. *See id.*; *see also Freeman v. Texas Dep't of Crim. Just.*, 369 F.3d 854, 860 (5th Cir. 2004).

AFFIRMED.