# United States Court of Appeals for the Fifth Circuit

—————————

No. 25-50158
Summary Calendar

—————————

United States Court of Appeals
Fifth Circuit

**FILED**
February 16, 2026

Lyle W. Cayce
Clerk

Martha Jok,

*Plaintiff—Appellant*,

*versus*

Wal-Mart Stores Texas, L.L.C.; Sam's East, Incorporated; Sam's West, Incorporated,

*Defendants—Appellees*.

———————————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:23-CV-1372

———————————————————————

Before Stewart, Graves, and Oldham, *Circuit Judges*.

Per Curiam:*

In this case, Martha Jok sued Wal-Mart Stores Texas, L.L.C., Sam's East, Inc., and Sam's West, Inc. (collectively, "Defendants-Appellees"). Jok claimed that she suffered injuries after she slipped on clear liquid and fell while shopping at Sam's Club Store #6453 (the "Sam's Club") in Austin,

—————————

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-50158

Texas. The district court[1] granted Defendants-Appellees' motion for summary judgment. We AFFIRM.

## I.

### A.

On February 19, 2023, Jok was shopping at the Sam's Club when she "suddenly and unexpectedly fell on an unknown clear liquid." She claims that she "hit the ground with such force that she suffered injuries including, but not limited to her arms, head, neck, shoulders, back, legs, hips and body generally, including sustaining a distal radial fracture to the left wrist." On September 29, 2023, Jok filed suit in Texas state court. In her original complaint, she asserted claims of premise liability and gross negligence. Specifically, she argued that Defendants-Appellees failed to maintain the premises "in a reasonably safe condition."

On November 8, 2023, Defendants-Appellees removed the case to federal court under 28 U.S.C. § 1446(a), asserting diversity jurisdiction. Defendants-Appellees then moved for summary judgment, which the district court granted in full. Jok appealed.

### B.

The district court had diversity jurisdiction over this matter under 28 U.S.C. § 1332. As an appeal from a final judgment, this court has jurisdiction under 28 U.S.C. § 1291. We review a district court's grant of summary judgment de novo. *Favela v. Collier*, 91 F.4th 1210, 1212 (5th Cir. 2024) (citing *Davidson v. Fairchild Controls Corp.*, 882 F.3d 180, 184 (5th Cir. 2018)).

---

[1] Both parties consented to having a magistrate judge preside over this case pursuant to 28 U.S.C. § 626(c).

No. 25-50158

For a district court to grant a motion for summary judgment, movants must show that "there is no genuine dispute as to any material fact" and that they are "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute of material fact exists when a fact would affect the outcome of a case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). However, "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Id.* at 247–48. Additionally, the burden is on the nonmovant "[to] come forward with specific facts showing that there is a genuine issue for trial." *Lyles v. Medtronic Sofamor Danek, USA, Inc.*, 871 F.3d 305, 310–11 (5th Cir. 2017) (quoting *Cuadra v. Houst. Indep. Sch. Dist.*, 626 F.3d 808, 812 (5th Cir. 2010)).

## C.

### 1. *Jok's Premise-Liability Claim*

Under Texas law, a plaintiff asserting a premise-liability claim "must show that (1) a premises owner had actual or constructive knowledge, (2) of some unreasonably dangerous condition on the premises (3) but the owner did not exercise reasonable care to reduce or to eliminate the unreasonable risk of harm, (4) which proximately caused the plaintiff's personal injuries." *Pay & Save, Inc. v. Canales*, 691 S.W.3d 499, 502 (Tex. 2024) (citing *Corbin v. Safeway Stores, Inc.*, 648 S.W.2d 292, 296 (Tex. 1983)). To satisfy the first prong, a plaintiff must either show that "(1) the defendant placed the substance on the floor, (2) the defendant actually knew that the substance was on the floor, or (3) it is more likely than not that the condition existed long enough to give the premises owner a reasonable opportunity to discover it." *Wal-Mart Stores, Inc. v. Reece*, 81 S.W.3d 812, 814 (Tex. 2002).

Jok argues that Defendants-Appellees had actual or constructive knowledge because Sam's Club employees failed to "maintain [their]

store[']s aisles in a clean and safe manner." We disagree. Jok has not provided any evidence that any Sam's Club employee placed the liquid on the ground or knew that the liquid was on the floor. Further, Jok has not offered any evidence to show that the liquid was on the ground long enough "to give [Sam's Club] a reasonable opportunity to discover it." *See id.* Because Jok has not provided sufficient evidence to show a genuine dispute of material fact, and she cannot show that Sam's Club had actual or constructive knowledge of the liquid, we hold that the district court did not err when it granted Defendants-Appellees' motion for summary judgment on Jok's premise-liability claim.

### 2. Jok's Gross Negligence Claim

> To successfully assert a gross negligence claim under Texas law, [p]laintiffs must prove by clear and convincing evidence that 1) when viewed objectively from the defendant's standpoint at the time of the event, the act or omission involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others and 2) the defendant had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others.

*U-Haul Int'l, Inc. v. Waldrip*, 380 S.W.3d 118, 137 (Tex. 2012).

Jok cannot meet this burden. Here, the only evidence that Jok brings forward is evidence that Sam's Club employees are meant to inspect the aisles and "ensure that the floor is safe, regarding spills." Because Jok has not provided sufficient evidence to show a genuine dispute of material fact, we also hold that the district court did not err when it granted Defendants-Appellees' motion for summary judgment on Jok's gross-negligence claim.

## II.

No. 25-50158

For the foregoing reasons, we AFFIRM the district court's judgment in full.