# United States Court of Appeals
# for the Fifth Circuit

———————————

No. 25-30564
Summary Calendar

———————————

United States Court of Appeals
Fifth Circuit

**FILED**
April 9, 2026

Lyle W. Cayce
Clerk

Lawrence Isaac Browne; Randolph George Browne,

*Plaintiffs—Appellants*,

*versus*

PHH Mortgage Corporation; Summit Funding,
Incorporated,

*Defendants—Appellees*.

———————————————————————

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:23-CV-7336

———————————————————————

Before King, Haynes, and Ho, *Circuit Judges*.

Per Curiam:[*]

Randolph and Lawrence Browne sought a loan from Summit Funding to purchase property located at 425 Cedarwood Drive in Mandeville, Louisiana. The Brownes were pre-approved for a loan, subject to a final application. The Brownes signed a final Uniform Residential Loan Application on October 22, 2021. On the application, the Brownes agreed

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

and acknowledged that they would be in default of the Summit loan if they, or any other person acting at their direction or consent, gave any false, misleading, or inaccurate statements or if they failed to live on the property as their residence.

Summit later discovered that the Brownes had failed to disclose a separate loan they had taken out to purchase a Recreational Vehicle. Summit also alleges that the Brownes failed to live on the property as they agreed. Accordingly, Summit immediately called the Summit loan as due and payable. The Brownes filed suit in the 22nd Judicial District Court for the Parish of St. Tammany, seeking judgment declaring that the loan is not in default. Summit removed the matter to the Eastern District of Louisiana and filed a motion for summary judgment.

The Brownes argue that Summit was fully apprised of the RV loan. They claim that Debra Macaluso, a Summit Representative, instructed Judith Browne, their mother, to write a letter "explaining away the RV" to close on the Summit loan. The Brownes do not point to any line in particular from Judith Browne's deposition testimony, but rather state that her testimony "implies" that Macaluso and Linsey Hernaez, another Summit employee that Judith Browne had spoken with, were both aware of the loan. Summit argues that Judith Browne's deposition testimony proves the opposite to be true. Summit points out that Judith Browne testified that she told Macaluso that she did not know whether Randolph Browne had taken out the RV loan.

The District Court granted Summit's motion for summary judgment. The court found that the record did not support the Brownes' characterizations. Further, because the Brownes did not contest that they failed to live on the property, the court deemed that claim admitted. The Brownes appealed.

No. 25-30564

On appeal, the Brownes argue that the district court erred in finding that Summit was entitled to summary judgment. Further, the Brownes claim for the first time that Summit breached its underwriting standards, violated the Truth in Lending Act, violated Regulation Z, and breached the loan agreement.

We review the grant of summary judgment *de* novo. *Favela v. Collier*, 91 F.4th 1210, 1212 (5th Cir. 2024). The Brownes fail to point to any evidence in the record that show Summit was not entitled to summary judgment. Judith Browne testified that, upon being asked, she told Summit employees that she did not know whether Randolph Browne had taken out the RV loan. Further, the Brownes have not contested that they failed to live on the property as they agreed to in the application. The district court thus did not err in granting Summit's motion for summary judgment. Finally, because the Brownes failed to raise their legal arguments relating to Summit's alleged breach of its underwriting standards, violation of the Truth in Lending Act and Regulation Z, and breach of the loan agreement in the court below, those arguments are forfeit. *See Rollins v. Home Depot USA*, 8 F.4th 393, 397–98 (5th Cir. 2021).

The district court's grant of summary judgment is affirmed.