# United States Court of Appeals
# for the Fifth Circuit

────────────────

United States Court of Appeals
Fifth Circuit

**FILED**
April 29, 2026

Lyle W. Cayce
Clerk

No. 25-10942

────────────────

Penny Alexandra Jackson,

*Plaintiff—Appellant*,

*versus*

University of Texas Southwestern Medical Center
School of Medicine,

*Defendant—Appellee*.

──────────────────────────────────

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:24-CV-495

──────────────────────────────────

Before Stewart, Engelhardt, and Douglas, *Circuit Judges*.

Per Curiam:[*]

Plaintiff-Appellant Penny Jackson is a black woman, a veteran, and a former medical student at the University of Texas Southwestern Medical

─────────────

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-10942

Center ("UTSMC").[1] Jackson failed two courses in her first semester before requesting disability-related academic accommodations. She then failed three additional courses in her second semester, at least one of which she took with accommodations in place. These failures resulted in her dismissal from UTSMC. Jackson filed suit, claiming that UTSMC discriminated against her because of her disability and her race. She also claimed that UTSMC failed to provide her with reasonable accommodations. The district court granted UTSMC's motion for summary judgment. We AFFIRM the district court's judgment in full.

## I.

In 2021, Jackson began medical school at UTSMC with a full scholarship that was contingent upon Jackson maintaining an "ongoing [and] strong academic performance."[2] After Jackson failed two courses in her first semester,[3] UTSMC revoked her scholarship and placed her on "Academic Warning." In this warning, UTSMC stated that "[a]ny additional academic

---

[1] When Jackson originally filed her lawsuit against Defendant-Appellee, she listed the "University of Texas Southwestern Medical Center School of Medicine." The district court also used this name during the course of litigation. For purposes of this appeal, we address Defendant-Appellee as the "University of Texas Southwestern Medical Center."

[2] Out of 300 students in her class, Jackson was one of twelve black students.

[3] If a first-semester student fails a course, the school may record the failing grade as "incomplete" and allow the student to remediate the course over the summer. "If the student passed the remediation, the 'incomplete' would be changed to a 'pass' on the transcript. If the student failed the remediation, the 'incomplete' would be changed to a 'fail' on the transcript. The purpose of this transcription system was to ease students' transition to medical school." Accordingly, UTSMC listed Jackson's two failed first-semester courses as "incomplete" so that she could remediate those courses over the summer.

deficiencies during [her] remediation [would] prompt immediate review by [UTSMC] and may result in additional action."[4]

In January 2022, during her second semester, Jackson requested academic accommodations for her generalized anxiety disorder and obsessive-compulsive disorder. While her request was pending, Jackson took two final exams without accommodations and failed both. On April 25, 2022, UTSMC awarded Jackson "extended time (1.5) for exams in a reduced distraction environment." Despite this accommodation, Jackson failed her Respiratory final exam. UTSMC dismissed her from her medical program thereafter.

On January 2, 2024, Jackson sued UTSMC in Texas state court, alleging that UTSMC violated Title VI of the Civil Rights Act of 1964 ("Title VI"), 42 U.S.C. § 2000d, Title II of the Americans with Disabilities Act (the "ADA"), 42 U.S.C. §§ 12101, 12131, and the Rehabilitation Act of 1973 (the "Rehabilitation Act"), 29 U.S.C. § 794. Specifically, she alleged that UTSMC (1) treated her differently than other students by failing to apply a curve that would have given her a passing grade; (2) failed to timely provide disability accommodations for her final exams; and (3) wrongfully dismissed her from the medical program.

On February 29, 2024, UTSMC removed the case to federal court and later moved for summary judgment on all of Jackson's claims. The district court granted UTSMC's motion for summary judgment, holding that Jackson failed to make a prima facie case for her race-discrimination

---

[4] UTSMC's student handbook further states that "[s]erious academic deficiencies may result in dismissal, even if a student has not previously been placed on Academic Warning or Academic Probation."

claim, disability-discrimination claim, and failure-to-accommodate claim. Jackson appealed.

## II.

### A.

The district court had jurisdiction under 28 U.S.C. § 1331. This court has jurisdiction under 28 U.S.C. § 1291 as an appeal from a final judgment. We review a district court's decision to grant summary judgment de novo. *Favela v. Collier*, 91 F.4th 1210, 1212 (5th Cir. 2024) (citing *Davidson v. Fairchild Controls Corp.*, 882 F.3d 180, 184 (5th Cir. 2018)).

For a district court to grant summary judgment, the movant must show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A genuine dispute of material fact exists 'if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party.'" *Ahders v. SEI Priv. Tr. Co.*, 982 F.3d 312, 315 (5th Cir. 2020) (quoting *Hamilton v. Segue Software Inc.*, 232 F.3d 473, 477 (5th Cir. 2000) (per curiam)). "We construe all facts and inferences in the light most favorable to the nonmovant." *Arenas v. Calhoun*, 922 F.3d 616, 620 (5th Cir. 2019).

### B.

On appeal, Jackson asserts claims of race discrimination, disability discrimination, and failure-to-accommodate. We address each in turn.

#### 1. *Jackson's Race-Discrimination Claim*

Under Title VI, schools that receive federal assistance may not discriminate against students based on their race. 42 U. S. C. § 2000d. To determine whether a plaintiff successfully alleges a violation of Title VI, we

apply the *McDonnell Douglas*[5] burden-shifting framework. This court has applied the same framework under Title VII to assess Title VI claims. *Lan v. Univ. of Tex. San Antonio*, No. 24-50546, 2025 WL 233653, at *2 n.7 (5th Cir. Jan. 17, 2025) (per curiam), *cert. denied*, 145 S. Ct. 1969 (2025).[6] Under this framework, a plaintiff must first establish a prima facie case by showing that she "(1) is a member of a protected class, (2) was qualified for the position that [she] held, (3) was subject to an adverse . . . action, and (4) was treated less favorably than others similarly situated outside of [her] protected class." *Id.* (alteration in original).

Jackson argues that she presented a genuine issue of material fact regarding her race-discrimination claim. Specifically, she states on appeal that she was qualified for the medical program because she was admitted with a full scholarship, she passed seven courses, and she later attended business school where she received A-grades.[7] We disagree. Jackson did not cite any specific evidence in the district court to show that she was qualified to continue UTSMC's medical program after failing five courses and almost four other final exams.[8] Assuming arguendo that Jackson can show she is a "qualified individual," she has also failed to provide sufficient evidence to show how similarly-situated students outside of her protected group were treated more favorably. *Bostock v. Clayton Cnty.*, 590 U.S. 644, 657 (2020); *Ayorinde v. Team Indus. Servs. Inc.*, 121 F.4th 500, 507 (5th Cir. 2024). Here,

---

[5] 411 U.S. 792 (1973).

[6] While Jackson disputed the applicability of this framework in the district court, she does not dispute this framework on appeal.

[7] She also references this evidence to show that she is a "qualified individual" in the context of claiming disability discrimination.

[8] On appeal, Jackson argues that her summary judgment response "contain[ed] specific citations to evidentiary material," but her summary judgment response does not cite to specific evidence to show that she was a "qualified individual."

all students, including Jackson, received a 2.10% curve on their final exam. Despite this, Jackson received a 68.17% on her exam instead of the 70% threshold needed to pass. Jackson also cites testimony that a male student who failed two courses was allowed to keep his scholarship, and that she received different grading on a lab exam than a white male classmate. As to the former, Jackson did not identify the student's race or show he was similarly situated in all relevant respects. As to the latter, Jackson admitted that different teaching assistants graded the exams, and this isolated discrepancy on a lab exam worth 10% of the course grade, in a course she independently failed on the final exam, does not establish that she was treated less favorably "under nearly identical circumstances." *Lee v. Kansas City S. Ry. Co.*, 574 F.3d 253, 259 (5th Cir. 2009) (citations omitted). Further, Jackson testified that she had no way of knowing whether she or another student had given the same answer. And while she highlights on appeal that her grade differed from a white man, she testified in the district court that she communicated with *both* a white man and another black woman, who both received a higher grade than her. Thus, she has failed to show that she is a "qualified individual" or that she "was treated less favorably than others similarly situated outside of [her] protected class." *Lan*, 2025 WL 233653, at *2. Therefore, we hold that the district court did not err when it granted UTSMC's motion for summary judgment on Jackson's race-discrimination claim.

### 2. Jackson's Disability-Discrimination Claim

To successfully allege a disability-discrimination claim under the ADA or the Rehabilitation Act, a plaintiff must prove

> (1) that [she] is a qualified individual within the meaning of the ADA; (2) that [she] is being excluded from participation in, or being denied benefits of, services, programs, or activities for which the public entity is responsible, or is otherwise being

discriminated against by the public entity; and (3) that such exclusion, denial of benefits, or discrimination is by reason of [her] disability.

*Carter ex rel. Carter v. City of Shreveport*, 144 F.4th 809, 813 (5th Cir. 2025) (citing *Cadena v. El Paso Cnty.*, 946 F.3d 717, 723 (5th Cir. 2020)); *see also Austin v. City of Pasadena*, 74 F.4th 312, 334 (5th Cir. 2023) ("The prima facie case of discrimination under the [Rehabilitation Act] is operationally identical to the test under the ADA." (quoting *Melton v. Dall. Area Rapid Transit*, 391 F.3d 669, 676 n.8 (5th Cir. 2004))).

In the context of disability discrimination, a "qualified individual" is "an individual with a disability who, with or without reasonable modifications to rules, policies, or practices, . . . meets the essential eligibility requirements for the receipt of services or the participation in programs or activities provided by a public entity." 42 U.S.C. § 12131(2). When a plaintiff participates in a postsecondary education program, she must show that she is "an individual with a disability [and] must satisfy the program's 'essential' requirements, with or without the aid of reasonable accommodations." *Shaikh v. Tex. A&M Univ. Coll. of Med.*, 739 F. App'x 215, 220 (5th Cir. 2018) (per curiam) (citing *McGregor v. La. State Univ. Bd. of Supervisors*, 3 F.3d 850, 855 (5th Cir. 1993)). Thus, a plaintiff must show that she was "capable of satisfying the academic and technical requirements set by [UTSMC] with the aid of reasonable accommodations." *McGregor*, 3 F.3d at 855 (citations omitted).

Again, Jackson cannot meet her burden because she cannot show that she is a qualified individual. Here, she failed her Respiratory final exam despite having accommodations in place. She also failed several other courses and final exams in her first year. Thus, she cannot show that she "meets the essential eligibility requirements" for the medical program. 42 U.S.C. § 12131(2). Accordingly, we hold that the district court did not err when it

granted UTSMC's motion for summary judgment on Jackson's disability-discrimination claim.

### 3. Jackson's Failure-to-Accommodate Claim

For a plaintiff to successfully allege a failure-to-accommodate claim, she must prove that "(1) [she] is a qualified individual with a disability; (2) the disability and its consequential limitations were known by the [public] entity; and (3) the entity failed to make reasonable accommodations." *Windham v. Harris Cnty.*, 875 F.3d 229, 236 n.8 (5th Cir. 2017) (second alteration in original) (quoting *Ball v. LeBlanc*, 792 F.3d 584, 596 n.9 (5th Cir. 2015)). "For a failure-to-accommodate claim specifically, 'intentional discrimination requires at least actual knowledge that an accommodation is necessary.'" *J.W. v. Paley*, 81 F.4th 440, 450 (5th Cir. 2023) (quoting *Smith v. Harris Cnty.*, 956 F.3d 311, 319 (5th Cir. 2020)).

Jackson cannot meet her burden. Jackson claims that she provided UTSMC with notice of her disability the summer before she enrolled by informing the school that she "was the recipient of a Veteran's Affairs benefit only available to disabled veterans." Jackson also points to her December 2021 letter to the Student Promotions Committee, in which she referenced her anxiety disorder, medication, and need for "medical management" of her anxiety. Considering this, she argues that UTSMC erroneously waited until April 2022 to provide her with disability accommodations. We are not convinced. Merely telling UTSMC that she received disability benefits is insufficient to provide "actual knowledge that an accommodation is necessary." *Id.* While Jackson's letter informed UTSMC of her diagnosis and treatment, it did not request specific accommodations or clearly identify the "consequential limitations" of her disability requiring them. *See Windham*, 875 F.3d at 236 (citation omitted).

Further, as the district court aptly recognized, UTSMC *did* provide Jackson with disability accommodations for her Respiratory final exam on April 25, 2022, after she first requested them in January 2022. Jackson, however, avers that, because UTSMC needlessly waited until April 2022 to accept her accommodations request, she took two other spring exams without accommodations and failed both. Again, we disagree. UTSMC accepted Jackson's request in April 2022 because she submitted all the required forms in March 2022, and her provider failed to respond to UTSMC's request for clarification. The delay caused by UTSMC waiting for the correct forms, in an attempt to resolve discrepancies involving inconsistent submission materials, does not establish a failure to accommodate. *Id.* at 236 n.8. Thus, Jackson has failed to show that UTSMC did not provide reasonable, and timely, disability accommodations. *Id.* Therefore, we hold that the district court did not err when it granted UTSMC's motion for summary judgment on Jackson's failure-to-accommodate claim.

## C.

Likewise, we are unpersuaded by Jackson's argument on appeal that the district court erred by failing to consider her evidence in opposition to UTSMC's motion for summary judgment. "[I]t is not our function to scour the record in search of evidence to defeat a motion for summary judgment; we rely on the nonmoving party to identify with reasonable particularity the evidence upon which he relies." *Wease v. Ocwen Loan Servicing, L.L.C.*, 915 F.3d 987, 996–97 (5th Cir. 2019) (quoting *Buehler v. City of Austin/Aus. Police Dep't*, 824 F.3d 548, 555 n.7 (5th Cir. 2016)); *see also United States v. del Carpio Frescas*, 932 F.3d 324, 331 (5th Cir. 2019) (per curiam) ("Judges are not like pigs, hunting for truffles buried in the record." (quoting *Albrechtsen v. Bd. of Regents of Univ. of Wis. Sys.*, 309 F.3d 433, 436 (7th Cir. 2002))). Here, Jackson failed to cite specific evidence that could support her claims in

No. 25-10942

the district court. Jackson's summary judgment response cited deposition testimony and other record materials in support of several arguments, but she failed to cite specific evidence to establish that she was a "qualified individual" or to identify similarly situated comparators with the particularity required at summary judgment. Therefore, we hold that the district court did not err when it refused to examine Jackson's entire document production.

## III.

For the foregoing reasons, we AFFIRM the district court's judgment in full.